FARMERS & MERCHANTS BANK OF AINSWORTH V.
CLINTON UPHAM ET AL.

FILED JUNE 30, 1893.   No. 4269.

1. **Promissory Note:** FAILURE OF CONSIDERATION: BREACH OF WARRANTY: INSTRUCTIONS.   In an action upon a promissory note the defense was that the note was given for a flock of sheep which were warranted to be sound, but which were diseased, by reason of which the consideration failed and the warranty was broken.   The court, at the request of the defendants, gave three instructions consecutively, in which it is said "that a failure of consideration, breach of warranty, or fraud constitutes a valid defense," etc.   *Held,* That the element of fraud was not in issue in the case and the instructions were erroneous and prejudicial.

2. **Instructions** must be applicable to the issue made by the pleadings.

ERROR from the district court of Valley county.   Tried below before HARRISON, J.

30

*Thomas Darnall*, for plaintiff in error:

When the court gives a prejudicial instruction on a proposition not before the jury, the judgment in such a case should be reversed. (*Holmes v. Boydston*, 1 Neb., 358; *Dunbier v. Day*, 12 Id., 604; *Newton Wagon Co. v. Diers*, 10 Id., 292; *Turner v. O'Brien*, 11 Id., 108; *Steele v. Russell*, 5 Id., 216; *Smith v. Evans*, 13 Id., 316.)

*E. M. Coffin*, also for plaintiff in error.

*E. J. Clements* and *C. A. Munn*, contra.

MAXWELL, CH. J.

This is an action upon a promissory note for the sum of $1,225 payable to the order of D. Collins. The note was duly indorsed and transferred to the plaintiff. The defendants' answer is as follows:

"Come now the defendants and for answer to the petition of the plaintiff herein admit that they made, executed, and delivered to Dennis Collins & Co. the notes described in plaintiff's petition, and that said notes are now past due and unpaid."

"2. The defendants deny that the plaintiff is the owner of said notes, or ever has been, and allege that said notes are now and ever have been the property of Dennis Collins & Co., the payees of said notes, and that the plaintiff did not purchase said notes before they were due.

"3. The defendants further allege that said notes were given for a flock of sheep purchased by the defendant Clinton Upham of Dennis Collins & Co., and that said Dennis Collins & Co., in making said sale, represented to the defendant Clinton Upham that they were well acquainted with the diseases of sheep, and that all of said sheep so purchased were entirely free from disease, and the defendant, being unacquainted with the diseases of sheep

and relying on said representations of Dennis Collins & Co., purchased said sheep.

"4. Said sheep were not free from disease at the time Clinton Upham purchased the same, but were diseased with 'scab' and other diseases, the names of which defendants do not know, but that all of said diseases were contagious and that all of said sheep died of said diseases, and that therefore the defendants never received any consideration whatever for said notes, and that said sheep were absolutely worthless, to defendants' damage $2,500.

"5. That defendant Upham spent in time and money in doctoring and caring for said sheep the sum of $500.

"6. Wherefore the defendants pray judgment that the plaintiff take nothing in this action, that the same may be dismissed, and for costs."

The reply admits that the note was given for a flock of sheep, but denies all other allegations of the answer.

On the trial of the cause the jury returned a verdict of $100 in favor of the defendants. This, however, was remitted and the action dismissed.

The court, at the request of the defendants, instructed the jury as follows:

"No. 5. You are instructed that a failure of consideration, breach of warranty, or fraud constitutes a valid defense to a suit on a promissory note, when brought by the original holder or payee thereof, to the extent of the injury resulting from said failure of consideration, or to the extent of the damages arising from said breach of warranty, or growing out of said fraud.

"No. 6. A *bona fide* holder of collateral notes can recover only the amount of his interest therein in action brought by said holder where there is a failure of consideration, breach of warranty, or fraud of the original holder or payee, which would avoid all of said notes over and above the interest of said *bona fide* holder.

"No. 7. Where no defense is established the holder of

negotiable promissory notes, as collateral security, may sue the makers thereof and recover a judgment for the full amount due on said collateral notes, and he will hold the amount recovered on said judgment over and above the interest of said holder as trustee for the party who deposited said notes as collateral security. But failure of consideration, breach of warranty, or fraud of the original payee is a good defense to the amount due on said notes over and above the interest of said holder, even when the plaintiff is a *bona fide* holder."

These instructions, given consecutively, make fraud a prominent cause of defense in the case, although it was not in issue. We cannot tell what influence such instructions would have on the jury. They cannot be said to be harmless. The instructions were calculated to lead the jury to believe that in the view taken by the court there might be fraud in the transaction. The instructions must be applicable to the issue made by the pleadings. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.