JOHN MANNION V. W., R. TALBOY.

FILED MAY 3, 1906.   No. 14,288.

The instructions of the court should direct the attention of the jury
only to facts in support of which evidence has been introduced
upon the trial. When an instruction is not founded upon the
evidence, and is calculated to mislead the jury in considering the
facts of the case, the judgment must be reversed.

ERROR to the district court for Dixon county:  GUY T.
GRAVES, JUDGE.   Reversed.

W. E. Gantt and George W. Argo, for plaintiff in error.

McCarthy & McCarthy and John V. Pearson, contra.

DUFFIE, C.

The plaintiff, Mannion, in his petition filed in the dis-
trict court, alleges that on or about September 15, 1899, he
was lawfully standing on the sidewalk on the west side of
Louis street and near the east side of a store building
occupied by one Hoy, in the village of Newcastle, Dixon
county, Nebraska; that the defendant, Talboy, without
any notice or warning to plaintiff, and unlawfully, wrong-
fully and maliciously, with force and violence, pushed and
shoved a man, whose name plaintiff has been informed is
John Coleman, against and on the plaintiff, causing plain-
tiff to be thrown violently into a narrow hole in said side-
walk and against said brick store building aforesaid; that
in his fall the plaintiff's left foot and leg went down into
the said hole, while his right foot and leg remained on the
sidewalk; that he was severely and permanently injured

thereby; that his head struck against the side of the brick building with such force and violence that his left ear and ear drum were permanently injured and the hearing thereof affected; that his back and spine were permanently injured, and other severe and permanent bodily injuries sustained. The answer admits that the plaintiff was standing on the sidewalk, and that he stepped or slipped into a hole or opening in the walk. It denies every other allegation in the petition contained. Defendant further alleges that plaintiff was, at the time of the injury complained of and for a long time prior thereto had been, suffering from the effects of disease and of injuries with which the defendant had no connection; that for a long time prior to the injuries complained of plaintiff had been suffering from afflictions such as are described in his petition; that the same were the result of disease and injuries sustained long prior to the time of the accident described in the petition; that plaintiff was never in any manner injured or damaged in stepping or slipping into the hole in the walk. A second defense raised the question of the plaintiff's contributory negligence; and a third defense is pleaded to the effect that any damage or injury sustained by the plaintiff was the direct and proximate result of the carelessness and negligence of a third person, not the servant or agent of the defendant, and without any fault or negligence of any kind on the part of the defendant. A reply put in issue the affirmative matters set out in the answer. A trial resulted in a verdict for the defendant, and from a judgment entered on the verdict the plaintiff has taken error.

Exceptions are taken to the eighth instruction of the court which is in the following language: "You are instructed that if you believe from the evidence that defendant did not push a third person against the plaintiff, or that plaintiff was thrown into said alleged opening in said sidewalk by some person other than defendant, or by the careless or negligent acts of the plaintiff he fell into said hole and was injured, then plaintiff cannot recover and your verdict should be for the defendant." The ninth

paragraph of the charge, to which exception is also taken, is as follows: "You are instructed that if you believe from the evidence that defendant pushed a third person against plaintiff in any manner so as to precipitate him into the opening in the walk as alleged, and resulting therefrom plaintiff was injured as alleged, and if you believe that said injuries were the result in whole or in part of the careless and negligent act of plaintiff contributing thereto, or that he was not at the time exercising ordinary care to avoid personal injury, or that he in fact sustained no injury from the fall, then plaintiff cannot recover and your verdict should be for the defendant."

We have read the evidence with some care. It shows that at the date of the accident complained of the plaintiff was standing on the sidewalk described in the petition talking with one Coleman; that a number of other persons were standing or sitting on the walk; that the defendant, in passing by, gave Coleman a push, and it tends to show that as the result Coleman was shoved against the plaintiff who was pushed back into the hole in the walk in the manner described in the petition. There is no word of evidence in the record tending to show that the plaintiff himself was guilty of any negligence. There is no evidence tending to show that he himself contributed to the injury. There is no evidence tending to show that the accident occurred in consequence of the act of any third party. Under these circumstances it was error for the court to frame his instructions in such a manner as to allow the jury to infer or find facts of which there was no evidence. The charge of the court to the jury should always be founded on and applicable to the testimony, and when it is not, and is calculated to mislead the jury in considering the facts of the case, the judgment ought to be reversed. *Kilpatrick v. Richardson*, 37 Neb. 731; *Farmers & Merchants Bank v. Upham*, 37 Neb. 417; *Esterly H. M. Co. v. Frolkey*, 34 Neb. 110; *Farmers Loan & Trust Co. v. Montgomery*, 30 Neb. 33; *City of York v. Spellman*, 19 Neb. 357.

There are other errors alleged relating to the admission

of evidence, but, as the case will have to be reversed and remanded for a new trial, they are not likely to again occur and do not require a discussion in this opinion. For the errors above pointed out, we recommend a reversal of the judgment and that the cause be remanded for another trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.