ANASTACIO ROCHA, APPELLEE, V. JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS, APPELLANT.

FILED MARCH 28, 1922.   No. 21990.

1. **Negligence: PROOF.** Negligence is a question of fact and may be proved by circumstantial evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be legitimately drawn from them, shall indicate,

Rocha v. Payne.

with reasonable certainty, the negligent act complained, of.

2. Appeal: HARMLESS ERROR. Erroneous instructions to the jury will not work a reversal of a case unless they are prejudicial to the complaining party.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*C. A. Magaw, Thomas W. Bockes* and *Thomas F. Hamer,* for appellant.

*M. F. Harrington, Gerald F. Harrington* and *W. J. Mc-Nichols, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY and GOOD, District Judges.

GOOD, District Judge.

This is an action to recover damages for personal injuries in which plaintiff had judgment, and defendant has appealed.

Plaintiff was employed as a track laborer on the tracks of the Union Pacific Railroad Company during the federal operation of the railroads. At the place where the injuries complained of were sustained the said railroad has a double main-line track running east and west. While the plaintiff was standing immediately to the north of, and driving spikes along, the north rail of the south track, another employee approached from the east driving a gasoline motor car on the north track. A short distance east from plaintiff the motor car jumped the track, veered to the south, ran into and injured the plaintiff. The negligence complained of was: "The said gasoline motor was so negligently and carelessly operated by the agent and servant in charge of said motor that it actually jumped the track, and when it did so it ran along the ground for a considerable distance, and while it was moving struck plaintiff; * * * that at the time said car was being driven along said track of the Union Pacific railroad by one of the agents of defendant, it was being driven by said agent at a reckless, careless, and high rate of speed and at a rate

of speed which actually caused it to jump said track, striking plaintiff as aforesaid."

Defendant insists that the negligent acts complained of are not sustained by sufficient evidence. The burden was on plaintiff to establish the existence of the negligent acts pleaded. There is no direct evidence in the record as to the rate of speed the car was running when it left the track, nor is there any evidence as to the rate of speed beyond which it is dangerous or unsafe to operate such a car. It is disclosed that the car, after leaving the track, traveled a considerable distance on the ground before it struck plaintiff. Some of the witnesses put the distance as the length of two or three rails, and one witness states that the distance was slightly more than three and one-half rails. When the car left the track on which it was being operated it ran over, or jumped, both rails of that track, ran the distance indicated, and struck plaintiff with sufficient force to hurl him into the center of the track on which he was working. The evidence shows that the motor car weighed about 300 pounds; that the flanges on the wheels were from three-fourths of an inch to one inch deep and were intact and in good condition, and that the car was in good order and working condition; that the railroad track was straight, level and in good condition, except that a little gravel was on the south rail at about the point where the car left the track. Are these facts and the inferences that may properly be drawn therefrom sufficient to justify a finding that the motor car was being operated at a reckless or negligent rate of speed?

Defendant contends that the doctrine of *res ipsa loquitur* is not applicable to an action for personal injuries by a servant against his master, and that without the application of that doctrine the verdict can not be sustained. We are unable to concur in this contention. The doctrine of *res ipsa loquitur* is frequently applied to cases of this character, and many cases could be cited where it has been so applied, but we are of the opinion this case does not necessarily depend on the application of the maxim.

Rocha v. Payne.

Negligence is a question of fact, and, like any other fact, may be established by circumstantial evidence. All that the law requires is that the facts proved, together with the inferences that may be legitimately drawn from them, shall indicate with reasonable certainty the existence of the negligence complained of. That the track was straight, level and in good condition, save a little gravel on one rail, tends very strongly to negative the theory of any defect or condition of the roadbed that could have caused the car to leave the track, and the further fact that the car was in good condition, with its wheels and flanges thereof sound and perfect, tends to eliminate any suggestion that the accident was due to any defect in the car. These circumstances tend, very strongly, to exclude any other theory of the cause of the accident than that the car was recklessly or negligently operated. It is a matter of common knowledge that a light car is more likely to jump or bound upward than a heavy car if it strikes a slight impediment or obstruction while running at high speed, and that if running at moderate or slow speed a very slight obstruction would not cause it to jump. The motor car that struck plaintiff weighed but 300 pounds. The speed of the car was sufficient to cause it to go over both rails of the track on which it was traveling, run a considerable distance on the ground, and still have sufficient momentum when it struck plaintiff to hurl him a distance of several feet. This would indicate that the car was being operated at a high rate of speed. Taking into consideration all the facts and circumstances proved and the deductions that may fairly be drawn from them leads us to the conclusion that the finding is supported by sufficient evidence.

Defendant complains of two instructions given the jury. Both of them are subject to criticism. In one the court tells the jury to consider the warnings and signals given by the driver of the car to warn plaintiff of its approach. There is no evidence that any signal or warning was given. The error was in suggesting to the jury that there was

evidence of such warning. This was favorable to defendant and could not have prejudiced him. Both instructions complained of submitted to the jury the question of plaintiff's contributory negligence, and there was no evidence of any contributory negligence. Again, the error favored defendant. It is elementary that erroneous instructions will not work a reversal unless prejudicial to the complaining party. We find no error prejudicial to defendant, and the judgment of the district court is, therefore,

AFFIRMED.