JOHN HOLLEY, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED JUNE 27, 1923. No. 22472.

1. **Appeal**: HARMLESS ERROR. Erroneous instructions to the jury will not work a reversal of a case unless they are prejudicial to the complaining party. *Rocha v. Payne*, 108 Neb. 246.

2. **Damages**. Award of the jury *held* not excessive.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Affirmed.*

*John L. Webster* and *R. B. Hasselquist*, for appellant.

*McKenzie, Cox, Burton & Harris, contra.*

Heard before MORRISSEY, C. J., LETTON and ALDRICH, JJ., BLACKLEDGE and COLBY, District Judges.

BLACKLEDGE, District Judge.

This action is by the plaintiff to recover of the street railway company for injuries alleged to have been negligently inflicted by the premature starting of a street car with a sudden jerk while plaintiff was in the act of alighting, thereby throwing him to the street and injuring his hip and leg. The defendant in its answer pleads: (1) A denial. (2) That plaintiff alighted in safety and took several steps away from the car and then slipped upon ice or snow and fell to the street.

There was a verdict and judgment for plaintiff. Upon the trial the court instructed as to the elements of the case which plaintiff was required to establish by a preponderance of the evidence in order to entitle him to a recovery, and of the general charge no complaint is made. The court also instructed upon the special features of the case, giving instruction No. 4, which in

substance is that, if the jury believed plaintiff safely alighted from the car and later slipped and fell on the street from any cause aside from the negligence of the defendant in the operation of its street car, then the plaintiff could not recover and the verdict must be for the defendant. Also instruction No. 8 in which it was stated that the only ground of negligence charged by plaintiff was that defendant, through its employees, started the car forward while plaintiff was in the act of alighting from the car, which had stopped to discharge passengers, and that the burden of proof was on the plaintiff to prove these acts of negligence by a preponderance of the evidence; and, if he failed to do so, he could not recover and the verdict should be for the defendant. The court further instructed in reference to an alleged diseased condition of plaintiff, sought to be established by defendant at the trial, and withdrew from the consideration of the jury, as being without sufficient evidence to support it, plaintiff's claim that the car doors were closed and the steps folded up while he was in the act of alighting.

The complaint here made, and principally relied upon in this appeal, is as to the giving of instruction No. 5 by the court, which submitted the matter of comparative negligence to the jury. It is contended that there was no contributory negligence pleaded or proved in the case, and hence no authority for the introduction of the doctrine of comparative negligence.

The defendant's theory of the case was presented to the jury, both affirmatively and negatively, by instructions Nos. 4 and 8, above noted, and it was therein stated, respectively, that if the finding was in favor of defendant's contention or if the plaintiff failed in proof as to his contention, in either event the verdict should be for the defendant. The argument is that, nevertheless, the instruction criticized would submit to the jury an issue not raised by the pleadings or evidence, and is therefore ground for reversal. It is much easier to keep these

theories of the case separate and distinct upon paper in the pleadings than upon the evidence. In view of the provisions of our statute (Comp. St. 1922, sec. 8834), whereby slight negligence of the plaintiff is no longer a defense but goes only to mitigation of damages, we are not convinced that it is necessary to be presented in the pleadings. *Pittsburgh, C., C. & St. L. R. Co. v. Cole,* 260 Fed. 357; *Kansas City S. R. Co. v. Jones,* 241 U. S. 181.

Defendant does not show how it was, or could have been, prejudiced by the giving of the instruction, or how the jury could have been misled thereby to defendant's injury, but argues that prejudice must be presumed, citing *White v. Trinidad,* 10 Colo. App. 327. That case, however, was upon an appeal by a defeated plaintiff; and it is easy to see how the giving of such an instruction under like circumstances might be prejudicial to plaintiff who was suing to recover. In the instant case, assuming, as we must, that the jury followed the instruction given, which was as plain and unambiguous in its terms as the wording of the statute permits, its only effect could have been to cause a diminution of the amount of plaintiff's recovery, the jury having failed to adopt defendant's theory as to the facts, and of this the defendant is in no position to complain.

The case of *Hatton v. Hodell Furniture Co.,* 72 Ind. App. 357, cited by appellant, holds that the giving of an instruction outside the issues is reversible error, "unless it clearly appears that the complaining party is not harmed." This court in *Webb v. Omaha & S. I. R. Co.,* 101 Neb. 596, held: "The giving of erroneous instructions is not cause for reversal, if the instructions are more favorable to the complaining party than he is entitled to under the law." And in *Rocha v. Payne,* 108 Neb. 246; "Erroneous instructions * * * will not work a reversal of a case unless they are prejudicial to the complaining party." To the same effect are the decisions upon similar propositions in *McCarthy v. Village of Ravenna,* 99 Neb.

674, *Fitzgerald v. Meyer*, 37 Neb. 50, and *City of South Omaha v. Fennell*, 4 Neb. (Unof.) 427. This assignment must therefore be overruled.

Defendant further contends that there was error in stating, in an instruction defining the issues, the amount for which plaintiff sued. This has been the general practice in the district courts of the state for many years. We think it is not to be commended and is often unwise; but in this case we do not think it authorizes a reversal.

There is further contention that the verdict for $5,000 in plaintiff's favor was excessive. The jury found in favor of plaintiff's claims as to his physical condition and as to his injury. It appears thereby that he was, prior to the injury, an able-bodied laborer, a married man, of some skill and industry, 38 years of age, and by the injury has suffered a paralysis of his left leg necessitating the constant use of a cane in moving about, and from which, a qualified physician and surgeon states, he will probably never recover. This award as made by the jury passed the scrutiny of the trial court, and we cannot hold that it is excessive.

The judgment of the district court is therefore

                                        AFFIRMED.