ANNA ROSELAND, APPELLEE, V. CHICAGO, MILWAUKEE, ST.
PAUL & PACIFIC RAILROAD COMPANY, APPELLANT.

FILED MARCH 20, 1936. No. 29599.

*Crofoot, Fraser, Connolly & Stryker*, for appellant.

*R. B. Hasselquist* and *Donald S. Krause, contra.*

Heard before GOOD, PAINE and CARTER, JJ., and
CLEMENTS and THOMSEN, District Judges.

CARTER, J.

This is an action brought in the district court for Douglas
county for damages alleged to have been caused by the
negligent operation of one of defendant's passenger trains,
resulting in a collision with the automobile in which plain-
tiff was riding and inflicting injuries upon the plaintiff for
which recovery is sought. The verdict of the jury was for
$11,000, and judgment was entered thereon. From the
overruling of its motion for a new trial, defendant appeals.

The record shows that, on the evening of October 26,
1933, the plaintiff and her husband and about twenty other
persons had attended a meeting a few miles from Dunbar,
Iowa, all being transported in a school bus engaged for that
purpose. At about 1 a. m. the next morning they returned
by the same means to the depot in Dunbar where many had
left their cars. The plaintiff, her husband and her hus-
band's younger brother got into their car and started east
on the highway immediately north of and paralleling de-
fendant's tracks. At a point approximately 425 feet east
of the depot, they turned south to cross defendant's railroad
tracks, at which time the collision occurred.

Plaintiff contends that the train was traveling at a high,

dangerous and negligent rate of speed; that no whistle was sounded nor bell rung; that the train was being operated without a headlight on the engine; and that defendant negligently failed to have a flagman or automatic signal at the crossing to warn the public.

The contention of the defendant is that the plaintiff was guilty of such contributory negligence as would defeat her cause of action. Defendant also alleges that the whistle was blown and the bell rung before reaching the crossing, as required by law, and that the headlight on the engine was burning at all times mentioned prior to and at the time of the accident.

The record discloses that many witnesses were examined by each party on the matters at issue in the case. There was not any evidence produced, however, tending to show negligence based upon the absence of a flagman or a signaling device at the crossing when the collision occurred. Under the law of Iowa, it must be shown that the crossing is more than ordinarily dangerous before an action based on negligence can be predicated on the failure of the railroad company to provide a flagman or signaling device. *Glanville v. Chicago, R. I. & P. R. Co.*, 190 Ia. 174, 180 N. W. 152; *Williams v. Mason City & Ft. D. R. Co.*, 205 Ia. 446, 214 N. W. 692.

The court's second instruction informed the jury that the negligence alleged in the petition was as follows: (1) That the train in question was operated at a high, dangerous and negligent rate of speed; (2) that no whistle was blown within a distance of a mile of said crossing, and that none was blown at the point where a whistle-post sign was located; (3) that the bell upon the engine was not rung within a distance of a mile of the crossing; (4) that no headlight was provided upon the railroad engine; (5) that adequate lights were not provided upon the engine and train to warn the plaintiff and others of the approach thereof; and (6) that the crossing, under the circumstances then existing, was a dangerous crossing, partially obstructed from view, and that no flagman or signal was stationed or

erected thereby to warn the public of the approach of defendant's trains.

In its fifth instruction, the court informed the jury as follows:

"Before the plaintiff will be entitled to a verdict at your hand she must establish by a preponderance of the evidence one or more of her charges of negligence which she claims against the defendant and which she alleges as proximate causes of the collision between the defendant's train and the automobile in which she was riding and her consequent injury. Should she so establish as she is herein required to do as a prerequisite to being entitled to a verdict at your hands, you will find for the plaintiff, and be guided with reference to your money award by another instruction which will be given you later on herein.

"But should she not so establish as she is herein required to do as a condition precedent to being entitled to a verdict at your hands, then you will find generally for the defendant."

Defendant's instruction No. 8, which was refused by the court, was as follows: "Plaintiff makes some claim in her petition filed herein that the defendant was negligent in that no flagman or automatic signal was stationed or erected at the crossing in question. You are instructed that defendant, as shown by the evidence in this case, was under no duty to maintain a flagman at the crossing or to install and operate an automatic signal at said point, and you should disregard any such claims of the plaintiff."

As we have hereinbefore stated, there was no evidence offered on the subject of negligence in not providing a flagman or signal at the crossing in question that would warrant the submission of that issue to the jury. This court has held many times that a submission of an issue of fact material to the case that is not supported by the evidence is erroneous.

"Instructions to a jury which leave that body at liberty to infer or find facts as existent, of which there is no evidence, are erroneous, and such errors, unless without preju-

dice, furnish ground for reversal of a judgment." *State v. Bartley,* 56 Neb. 810, 77 N. W. 438.

"An instruction submitting to the jury as an issue of fact a question material to the case, regarding which there is no evidence to support a finding, is erroneous." *Chamberlain Banking House v. Woolsey,* 60 Neb. 516, 83 N. W. 729.

"The instructions of the court should direct the attention of the jury only to facts in support of which evidence has been introduced upon the trial. When an instruction is not founded upon the evidence, and is calculated to mislead the jury in considering the facts of the case, the judgment must be reversed." *Mannion v. Talboy,* 76 Neb. 570, 107 N. W. 750.

"The submission of such a charge of negligence without evidence to support it and with the instruction of the court that, if they found any of the charges of negligence true, they might render a verdict for plaintiff, led the jury to believe there was evidence to support this charge. For aught we know this may have been the charge of negligence on which the jury fixed liability on defendant. The instruction was prejudicially erroneous." *Tighe v. Interstate Transit Lines, ante,* p. 5, 263 N. W. 483.

We conclude therefore that the court erred in submitting to the jury the question of negligence based on defendant's failure to have a flagman or signal stationed or erected at the crossing where the collision occurred.

Plaintiff contends, however, that the court by giving instruction No. 8 withdrew this and other questions from the jury, and that the error, if any, was not therefore prejudicial to the defendant. The court's instruction No. 8 is as follows: "Should you find that the headlight of the train that injured the plaintiff was throwing its full flood of light before and at the time of the impact, then you will return your verdict for the defendant, as had the plaintiff looked in such condition of the full flood of such rays, she would have seen the oncoming train in time so that the accident could have been avoided by reasonable action on the part of the plaintiff."

It is the contention of plaintiff that this instruction withdraws all questions of negligence from the jury except whether the headlight on the engine was burning. To this we cannot agree. It will be noted that the instruction states that, if the headlight was throwing its "full flood of light" before and at the time of the impact, then the jury should return a verdict for the defendant. What constitutes a "full flood of light" was not defined by the instructions. It certainly would not include a dimmed light. Even if the headlight was burning, the jury might logically say that it did not throw a "full flood of light" and then find that the headlight on the engine was an adequate one and thus be forced to consider all the other allegations of negligence. In such case, the jury would have to consider instruction No. 2 and find the defendant negligent in one of the respects therein specified in order to bring in a verdict for the plaintiff. In so doing, they might consider the allegation of negligence that was not supported by the evidence. We therefore conclude that instruction No. 8 did not preclude the jury from considering the court's instruction No. 2.

For the reasons herein stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED.