MABEL POLLAT, APPELLANT, V. ANDY E. WRAY, APPELLEE.

2 N. W. (2d) 352

FILED FEBRUARY 13, 1942. No. 31262.

*Mothersead & York* and *Lewis F. Shull,* for appellant.

*Neighbors & Danielson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

Plaintiff instituted this action against Andy E. Wray to obtain a judgment for personal injuries allegedly sustained by the plaintiff as a result of the negligence of defendant's employee. The verdict and judgment were in favor of defendant and plaintiff appeals.

The defendant is the owner and operator of a grocery store in Scottsbluff, Nebraska. On November 22, 1939, plaintiff and her husband were in the store purchasing some groceries. It appears that the store was one where the customer serves himself and pays for his purchases as he leaves. The employee who itemizes the purchases and receives the money therefor is referred to in the evidence as a checker. The defendant's wife, Anne Wray, was working as a checker at the time of the accident involved in this action.

The record shows that Mrs. Pollat was engaged in the selection of her purchases, and at the time of the accident was standing in an aisle north of a bread rack. While she was contemplating her selection of bread, Mrs. Wray ran into her and caused her to fall to the floor. The injuries complained of are alleged to have resulted from this fall. The evidence is clear that Mrs. Pollat did not see Mrs. Wray coming before the accident occurred.

The evidence of Mrs. Wray is to the effect that she was engaged in checking the items of another customer when it was discovered that the customer had forgotten some article obtainable in the rear of the store. Mrs. Wray volunteered to obtain it for her in order to save time, and was hurrying to get the article when she collided with Mrs. Pollat, causing both to fall to the floor. Mrs. Wray says that she saw Mrs. Pollat in the aisle, but just as she was passing behind her Mrs. Pollat stepped back with her right foot and tripped her, and that it was done at a time when Mrs. Wray was unable to avoid the accident.

The evidence shows that the aisle was about four feet wide and that there was more room to pass to the rear of Mrs. Pollat than in front of her. There is no evidence of any warning to Mrs. Pollat of Mrs. Wray's approach, or of any warning to Mrs. Wray that Mrs. Pollat was about to step backward. Mrs. Wray testified that she knew customers moved about and that you never could tell with any degree of certainty as to what they would do.

The trial court submitted to the jury the question of the negligence of Mrs. Wray as defendant's employee and also the question of the contributory negligence of the plaintiff. Plaintiff claims that there was no evidence of contributory negligence to submit to the jury and that the trial court committed reversible error in so doing.

We agree with plaintiff that the evidence is insufficient to warrant the submission of the question of plaintiff's contributory negligence to the jury. It is expected that customers who enter a self-serving store will move about in the aisles in the selection of their purchases. It certainly is expected that such customers will move from place to place and shift from one position to another in making their selections. Likewise, it must be expected that they may step forward or backward or to the side, and Mrs. Wray, the employee participating in the accident with plaintiff, stated that she knew such movements were to be expected. We find nothing in the evidence indicating that Mrs. Pollat was in any way guilty of negligence. The record amply demonstrates that plaintiff conducted herself as a reasonably careful and prudent person. The trial court therefore erroneously submitted the question of plaintiff's contributory negligence to the jury.

This court has ofttimes held that it is reversible error to submit an issue to the jury where the evidence is insufficient to sustain it. *Zancanella v. Omaha & C. B. Street R. Co.*, 93 Neb. 774, 142 N. W. 190; *Tighe v. Interstate Transit Lines*, 130 Neb. 5, 263 N. W. 483; *Roseland v. Chicago, M., St. P. & P. R. Co.*, 130 Neb. 637, 265 N. W. 882; *Knoche v. Pease Grain & Seed Co.*, 134 Neb. 130, 277 N. W. 798.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED.