IN RE ESTATE OF MARGARET KEUP.
MINNIE HALSTED ET AL., PROPONENT, APPELLEE, V. ADELINE SCHUETZ ET AL., CONTESTANTS, APPELLANT.

18 N. W. 2d 63

FILED MARCH 16, 1945. No. 31875.

*Mark J. Ryan* and *P. F. Verzani,* for appellants.

*Malcolm R. Smith, Kingsbury & Kingsbury* and *S. W. Mc-Kinley, Jr., contra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This action is a will contest appealed from the district court for Dixon county.

Margaret Keup died on January 31, 1943, a resident of Dixon county. She left a will, dated September 18, 1941, in which two of her nieces, Minnie Halstead and Margaret Nelson, were named as the sole beneficiaries. One of the nieces, Minnie Halstead, filed a petition in the county court of Dixon county to have this will allowed and admitted to probate and asking that she and Margaret Nelson, named in the will as executrices, be granted administration of the estate.

Louise Bartelt, Myrtle Kasten, Malinda Kasten, Walter Keup, Elva Keup, Althea Keup, Edwin J. Keup, Hertha Kohlwey and Adeline Schuetz, beneficiaries under a will made by the deceased dated August 22, 1941, filed objections thereto and offered for probate this latter will.

On April 28, 1943, the county court allowed and admitted to probate the will offered by the proponent. From this order the contestants appealed to the district court.

In the district court the cause was tried to a jury and from a verdict for the proponent and a judgment thereon allowing and admitting to probate the will dated September 18, 1941, the contestants appeal.

For the purpose of this opinion the parties will be referred to as proponent and contestants.

Contestants assign as error the fact that the court submitted to the jury the issue of testamentary capacity.

We have examined the evidence and find that after the proponent made a *prima facie* case the contestants offered no evidence sufficient to justify a submission of the issue of testamentary capacity to the jury. There was, in fact, no sufficient evidence offered by contestants to support a verdict finding a lack of testamentary capacity. While " 'The burden is upon the proponent of a will, both in the county court and in the district court on appeal, to prove, not only the execution of the will, but the capacity of the testator.' *Seebrock v. Fedawa,* 30 Neb. 424, 46 N. W. 650." *In re Estate of Bose,* 136 Neb. 156, 285 N. W. 319. Nevertheless, if the proponent makes a *prima facie* case as to both and the evidence of contestants proves to be insufficient upon which to justify a submission of either or both issues, the court should not submit such issue or issues to the jury but should direct a verdict thereon for the proponent. See *In re Estate of Slattery,* 125 Neb. 194, 249 N. W. 597.

And we have held: "It is the duty of the court to instruct the jury upon the issues presented by the pleadings and the evidence, whether requested so to do or not." *Hackbart v. Rohrig,* 136 Neb. 825, 287 N. W. 665. Also, *Hall v. Rice,* 117 Neb. 813, 223 N. W. 4. And in relation thereto, that: "The charge of the court to the jury should always be founded on and applicable to the testimony, and when it is not, and is calculated to mislead the jury in considering the facts of the case, the judgment ought to be reversed." *Mannion v. Talboy,* 76 Neb. 570, 107 N. W. 750. See, also, *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19.

However, "Erroneous instructions to the jury will not work a reversal of a case unless they are prejudicial to the complaining party." *Rocha v. Payne,* 108 Neb. 246, 187 N. W. 804. " 'The giving of erroneous instructions is not cause for reversal, if the instructions are more favorable to the complaining party than he is entitled to under the law.'

(*Webb v. Omaha & S. I. R. Co.*, 101 Neb. 596, 164 N. W. 564)." *Holley v. Omaha & C. B. Street Ry. Co.*, 110 Neb. 541, 193 N. W. 710. The rule is stated in 5 C. J. S., sec. 1678, p. 824, as follows: "Any error in sending the case or an issue to the jury is not a basis for objection on appeal where it operates in favor of appellant; and so a submission of the case to the jury furnishes appellant with no ground of complaint where the evidence is such as to warrant the court in directing a verdict against him. * * * or where such submission gives the jury an opportunity to find against appellee on a question of fact that should not have been submitted to it; * * * ."

We do not think the submission of testamentary capacity, upon which the proponent was entitled to a directed verdict, was so related with the issue of undue influence that it could in any way mislead the jury or confuse them in considering the facts with reference to that issue, upon which the evidence presented a question of fact. Therefore, merely placing a greater burden on the proponent than the evidence justified was not such error as was prejudicial to the contestants.

Contestants further complain that under the issue of undue influence the court failed to define the four elements thereof as they are set forth in *In re Estate of Hagan,* 143 Neb. 459, 9 N. W. 2d 794: "The elements necessary to be established to warrant the rejection of a will on the ground of undue influence are (1) that the testator was subject to such influence; (2) that the opportunity to exercise it existed; (3) that there was a disposition to exercise it; (4) that the result appears to be the effect of such influence."

After properly placing the burden of proof as to undue influence on the contestants the court instructed as follows:

"Undue influence is that which compels or induces the testatrix to do that which is against her will. It may result from constant presure (pressure) and importunity, a desire to please, or some feeling which the testatrix is unable to control and from an impelling mental force of such degree that, under all the circumstances, whe (she) is un-

able to resist. It must amount to such a degree of restraint or coercion as to destroy the testatrix' free agency, and induce her to make a different disposition of her property than she intended to.

"Therefore, if you find that Margaret Keup was so compelled or induced to execute the instrument, Exhibit 2, against her will and influence was brought to bear by said Minnie Halstead and Margaret Nelson or either of them, or by any one in their behalf, which was of such degree that it destroyed the free agency of Margaret Keup, so that she made a different disposition of her property than she intended to do, under all the circumstances, then you should find that the will was executed under undue influence, and your verdict should be for contestants; * * * ."

In *Gidley v. Gidley*, 130 Neb. 419, 265 N. W. 245, we approved a general definition of undue influence, taken from 31 C. J. 1183, as follows: "All that can be said, in the way of formulating a general rule on this subject, is, that whatever destroys free agency, and constrains the person whose act is brought in judgment, to do what is against his will and what he would not have done if left to himself, is 'undue influence,' no matter by what means the control is exercised, whether the control is exercised by physical force, duress, fraud, threats, importunity, or any other species of mental, moral, or physical coercion. The means employed, the extent or degree of the influence, or by whom the influence is exerted, is immaterial, for the test always is, was the influence, whether slight or powerful, sufficient to destroy free agency, so that the act put in judgment was the result of the domination of the mind of another rather than the expression of the will and mind of the actor?"

While the four elements must be established by the evidence to make a case sufficient to submit the issue to a jury and to sustain a verdict based thereon, however, it is not necessary that the court give an instruction setting forth the four elements separately provided they are sufficiently contained in the instructions given. We have examined the instructions given by the court and find they are sufficient.

Contestants further complain that in overruling proponent's objections to certain evidence offered by contestants as to other wills, partition proceedings, and oral declarations of deceased the court limited the purpose of this testimony by rulings and instructions as follows: "This character of evidence, however, will be received for the sole purpose of showing the state of mind of deceased and the consequent susceptibility, if any, to undue influence." While courts should generally refrain from limiting the purpose for which admissible evidence is received, however, the limitation here is within the language of this court in the case of *In re Estate of Bowman*, 143 Neb. 440, 9 N. W. 2d 801, wherein we stated: "The declarations of testator are admissible to show his state of mind and consequent susceptibility to undue influence." This ruling was made on proponent's objection to evidence when offered by the contestants. Contestants took no exception to the court's ruling, made no objection to the limited purpose for which the evidence was received and did not make any offer of the evidence for any other or additional purpose after the ruling. We think there is no merit in the contention.

Contestants offered the affidavit of one of the jurors that while the case was being deliberated another juror stated that, "Henry Halstead, the husband of proponent Minnie Halstead, and who was one of the witnesses for said proponents, was a good friend of his, that he stopped in and traded at his market in Emerson, that he knew him well and he was too good a fellow to do wrong." In an affidavit by the juror accused of this statement he denies having made it but says what he did say was "I know Henry Halstead, he sometimes trades at my market." Contestants filed the affidavit of another juror stating that during their deliberations one of the jurors stated: " * * * they should decide the case at once, get it over, and said 'I don't want no twelve men upsetting my will,' * * * ." This was denied in an affidavit of the juror accused thereof. Whether these statements were made by these jurors in the deliberation of the case is immaterial. They are nothing more than ex-

pressions of opinion and not statements of fact. As stated in *Egan v. State*, 97 Neb. 731, 151 N. W. 237: "Matters of opinion and arguments of jurors in the jury room are considered as inhering in the verdict, and as not such matters of misconduct as can be proved by the jurors themselves." See, also, *Welsh v. State*, 60 Neb. 101, 82 N. W. 368; *Hamblin v. State*, 81 Neb. 148, 115 N. W. 850.

The testimony of another juror was taken showing that before the trial of the case Henry Halstead, husband of the proponent, mentioned the case in his presence but without giving any details thereof. We do not think the juror was disqualified on the basis of the testimony given nor was the verdict in any way affected thereby.

In their briefs both proponent and contestants argue the merits of their case. There was a conflict in the evidence on the issues of execution and undue influence. These issues were properly submitted to the jury and by it determined in favor of the proponent. A will contest is triable to a jury and on appeal is not for trial *de novo* here. *In re Estate of Hagan, supra.* We are bound by the jury's verdict where there is sufficient competent evidence to sustain it.

For the reasons stated we find the proceedings had in the lower court should be sustained.

AFFIRMED.