HORACE V. SHAFFER, APPELLANT, V. RALPH E. THULL ET AL., APPELLEES, AND GERTRUDE SHAFFER, APPELLANT, V. RALPH E. THULL ET AL., APPELLEES.

25 N. W. 2d 755

FILED JANUARY 17, 1947. Nos. 32099, 32100.

*Gross & Welch,* for appellants.

*G. M. Tunison,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WILSON, District Judge.

SIMMONS, C. J.

Plaintiffs Shaffer were struck by an automobile driven by defendant Thull. Plaintiffs brought separate actions for damages against Thull and defendant Hansen, Thull's employer. They were consolidated for trial. At the close of plaintiffs' case in chief, the actions were dismissed as to defendant Hansen. Plaintiffs appeal, contending that the trial court erred in its order of dismissal. We affirm the judgment of the trial court.

Plaintiffs called as their witness the defendant Thull, and relied upon his testimony to sustain their contention that the automobile was being operated on the business and mission of the defendant Hansen. We set out a summary of his testimony.

Mr. Hansen owned a drug store in suburban Omaha and was interested in one in downtown Omaha, at Fifteenth and Harney Streets. Defendant Thull was in charge of the suburban store. There was one other full-time employee. The practice followed at the store was for one of the two men to open in the morning and work about ten hours. The other employee came on later and worked during the day and closed in the evening.

Whenever merchandise was delivered to the store, it was paid for out of receipts. Salaries of the two men also were paid out of receipts. At irregular times Mr. Hansen stopped at the store and collected the balances. On occasion, if Mr. Thull was downtown, he would deliver the balances to Mr. Hansen at the downtown store, although he was under no directions to do so. When Mr. Thull closed the store in the evening, he took the money on hand with him for safekeeping, retaining it on his person.

Mr. Thull owned an automobile, which he used for his own purposes. It was not used for any store purpose, and there was no understanding or agreement that it was to be so used.

On the day of the accident, Mr. Thull opened the store in the morning, worked throughout the day, and went home for dinner about 6 p. m. He returned to the store about 7 or 7:30 p. m. He left shortly thereafter for downtown, using his own car as a conveyance. His day's work then was finished. Mr. Thull had notified Mr. Hansen that he was leaving his employment. His purpose in going downtown was to try to see Mr. Hansen so as to get a release for the War Manpower Commission, in order to accept other employment. Mr. Hansen did not know he was coming, and had not asked him to come down. Mr. Thull had with him funds of the store which had accumulated up to the evening before and which he probably would have delivered to Mr. Hansen had he contacted him. Mr. Thull was unable to find a parking space near the Harney Street store and started back intending to go home, although he would have

stopped at the suburban store to see if his help was needed. The accident occurred on the return trip.

The question is, is the evidence sufficient to take the case to the jury as against Mr. Hansen as employer?

In Sutton v. Inland Construction Co., 144 Neb. 721, 14 N. W. 2d 387, we said: "It is also fundamental that a person is liable for the negligent operation of an automobile by his servant or agent only where such servant or agent, at the time of the accident, was engaged in his employer's or principal's business with his knowledge and direction." Plaintiffs' evidence does not bring Mr. Hansen within the rule so as to impose liability upon him.

The judgment of the district court is affirmed.

AFFIRMED.