JOSEPH J. SIMCHO, JR., APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, A CORPORATION, APPELLANT, LAYNE-WESTERN CO., APPELLANT, J. L. BRANDEIS & SONS, A CORPORATION, APPELLEE.

35 N. W. 2d 501

Filed January 10, 1949. No. 32352.

*Kennedy, Holland, DeLacy & Svoboda* and *G. H. Seig,* for appellants.

*Eugene D. O'Sullivan, Arthur J. Whalen, Ernest S. Priesman, Eugene D. O'Sullivan, Jr.,* and *F. W. Davidson,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Joseph J. Simcho, Jr., commenced this action in the district court for Douglas County against the Omaha & Council Bluffs Street Railway Co., a corporation, the Layne-Western Co., a corporation, and J. L. Brandeis & Sons, a corporation. The purpose of the action is to recover damages against the defendants Omaha & Council Bluffs Street Railway Co. and Layne-Western Co. for personal injuries which plaintiff sustained in an accident which he alleges was caused by negligent acts of said defendants' employees. Plaintiff recovered a verdict against both of these defendants. Both defendants filed separate motions for new trial. From an order overruling said motions, each of said defendants have separately appealed.

J. L. Brandeis & Sons, appellee's employer at the time of the accident, was made a party defendant in this action because, under the provisions of the workmen's compensation law, it had made certain payments to appellee and for him. Since its right of subrogation does not become material, unless appellee sustains his recovery, no further mention will be made herein of said defendant.

The appellants will be referred to as such except when referred to separately. Then the Omaha & Council Bluffs Street Railway Co. will be referred to as the Street Railway Co. and the Layne-Western Co. by its full name.

The accident herein involved happened sometime about 9:15 a. m. on October 22, 1941, in the city of Omaha at the intersection of Leavenworth and Thirty-third Streets. It had been raining and the streets were wet. It was still cloudy and misting at the time of the accident.

Leavenworth Street runs east and west with a surfaced area from curb to curb of 54 feet. Thirty-third

Street runs north and south with a surfaced area north of Leavenworth that is 28 feet from curb to curb and south thereof, 30 feet from curb to curb. Leavenworth, at this point, is a through street with stop signs on Thirty-third Street at the northwest and southeast corners of the intersection. These stop signs are located about 8½ feet back from the curb line of Leavenworth. Both streets are hard-surfaced. Leavenworth, at the intersection, slopes upgrade to the east about 1.67 percent. Thirty-third Street, north of Leavenworth, slopes upgrade toward Leavenworth 11.39 percent. However, Leavenworth is flat as Thirty-third Street crosses it. From Leavenworth toward the south Thirty-third Street slopes upgrade 4.38 percent. There are two sets of streetcar tracks on Leavenworth, one for east-bound and the other for west-bound traffic. Each set of tracks is located about 3 feet from the center line of the street.

There were three vehicles involved in the accident. They consisted of the bus of the Street Railway Co., the tractor of the Layne-Western Co., and the panel truck of J. L. Brandeis & Sons. The vehicle of the Layne-Western Co., which will be referred to in this opinion as a tractor, is in fact a truck tractor used for the purpose of hauling trailers. The panel truck was being driven by the appellee and had come from the south on Thirty-third Street. It stopped on Thirty-third Street at a point just south of the stop sign located at the southeast corner of the intersection and about 2 feet out from the east curb. After he stopped appellee proceeded to check his route sheet in order to determine the next stop on his route of delivery. With him in the truck was his helper, Nicholas Centretto.

At about the same time the bus was approaching Leavenworth from the north on Thirty-third Street. As it reached the stop sign located on Thirty-third Street at the northwest corner of the intersection it came to a stop adjacent to the west curb. It then pro-

ceeded south into the intersection to continue on its route south on Thirty-third Street. Just after the bus had crossed the center line of Leavenworth, and when it was upon or just after it had crossed the east-bound streetcar tracks, it was hit near its right front wheel by the front of a tractor owned by the Layne-Western Co. This tractor was traveling east on Leavenworth.

As a result of the bus being hit by the tractor the driver of the bus lost control thereof. The bus continued across Leavenworth. Because the collision cramped its front wheels the bus traveled in a southeasterly direction. It ran into the J. L. Brandeis & Sons' truck as it was parked on Thirty-third Street at the southeast corner of the intersection. As a result of this latter collision the appellee claims he was injured and for these injuries he here seeks damages.

The first question involved in each of the appellants' separate appeals is the sufficiency of the evidence to present a jury question. There were several grounds of negligence submitted as to each appellant. Necessarily this question arises as to each of said grounds for if there is sufficient evidence to submit any one of them then there was a jury question as to that issue, although error requiring reversal may have been committed by submitting separate grounds of negligence in support of which there is no evidence in the record. Of course, if there was no evidence to support any one of the several grounds of negligence with which each appellant was charged then its motion for a directed verdict should have been sustained and the action should have been dismissed.

As stated in Roseland v. Chicago, M., St. P. & P. R. R. Co., 130 Neb. 637, 265 N. W. 882: "Where a question of fact that is material to the case is submitted to the jury by the trial court, upon which there is no evidence to support a finding, it constitutes prejudicial error."

This is discussed in Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N. W. 2d 114, as follows: "This

court has often pointed out that it is error to submit issues upon which there is no evidence to sustain an affirmative finding. It is the duty of trial courts to determine the issues upon which there is competent evidence and submit them, and them only, to the jury. The submission of issues upon which the evidence is insufficient to sustain an affirmative finding is generally very prejudicial and invariably results in a second trial." See, also, Tighe v. Interstate Transit Lines, 130 Neb. 5, 263 N. W. 483; Knoche v. Pease Grain & Seed Co., 134 Neb. 130, 277 N. W. 798; Leon v. Kitchen Bros. Hotel Co., 134 Neb. 137, 277 N. W. 823, 115 A. L. R. 1078; Pollat v. Wray, 141 Neb. 9, 2 N. W. 2d 352; Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439; and Melcher v. Murphy, 149 Neb. 541, 31 N. W. 2d 411.

Since appellee had a jury verdict we will apply to the record the rule as stated in Remmenga v. Selk, *ante* p. 401, 34 N. W. 2d 757, to wit: "In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom."

In considering the testimony it is of course true, as stated in Rocha v. Payne, 108 Neb. 246, 187 N. W. 804, that: "Negligence is a question of fact and may be proved by circumstantial evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be legitimately drawn from them, shall indicate, with reasonable certainty, the negligent act complained of." See, also, Leon v. Kitchen Bros. Hotel Co., *supra*.

In submitting the case to the jury the court submitted the following separate grounds of negligence as to the Layne-Western Company:

"A. In operating said truck at a rate of speed greater than was reasonable and proper under the circum-

stances and at a rate of speed between 15 and 20 miles per hour;

"B. In failing to stop or bring its truck to a stop to avoid said collision.

"C. In failing to keep said truck under reasonable and proper control;

"D. In failing to keep a proper lookout so as to avoid said collision; and

"E. In failing to turn or change the course of said truck so as to avoid a collision."

In our discussion of the foregoing we will refer to the separate grounds submitted by the letter indicative thereof.

With reference to A the evidence establishes that the tractor was being driven east on Leavenworth Street at a speed of somewhere between 15 and 20 miles per hour. This was within the legal limit. When the driver thereof observed the bus he applied his brakes and stopped within a distance of about 10 feet and only slid his tires a distance of about three feet on the wet surface. Under all of the facts and circumstances shown by the record, we think its speed was reasonable and proper and this issue should not have been submitted to the jury.

With reference to B the evidence establishes that the driver of the tractor, upon observing the bus, immediately applied his brakes and stopped within a distance of about 10 feet. It is true that the tractor finally came to a stop when it hit the bus but the blow was light and the tractor had practically come to a stop before the collision occurred. We do not think the record contains any evidence which would justify the submission of this issue.

There is no evidence in the record that justifies the submission of C or E.

As to D there is evidence that the driver of the tractor did not see the bus until it was immediately before him some 15 feet away; that he immediately

applied his brakes and stopped within about 10 feet but not before he hit the bus; that as a result of hitting the bus it cramped the front wheels thereof and threw the driver so he no longer had control of its operation; that the bus, with its wheels cramped, then continued across the intersection completely out of control; that it ran into the Brandeis truck. This evidence presented a jury question on this issue.

In submitting the case to the jury the court submitted the following separate grounds of negligence as to the Street Railway Company:

"A. In failing to stop said bus at the stop sign;

"B. In failing to yield the right of way to the truck owned by the defendant Layne-Western Co.;

"C. In failing to have its bus under proper control.

"D. In failing to keep a proper lookout so as to avoid said collision;

"E. In failing to turn or change the course of said bus to avoid said collision;

"F. In employing an incompetent and inexperienced driver knowing said driver to be incompetent and inexperienced;

"G. In driving said streetcar bus on the wrong side of 33rd Street."

With reference to A the direct evidence is all to the effect that the bus did stop at the stop sign. We do not think the facts and circumstances as they relate themselves to the accident would permit any inference that it did not do so. This issue should not have been submitted to the jury.

In discussing B and D these principles are applicable:

"A driver of a motor vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions and permit all vehicles to pass which are at such a distance and traveling at such a speed that it would be imprudent of him to proceed into the intersection." Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 14 N. W. 2d 660.

" 'The duty of the driver of a vehicle * * * to look for vehicles approaching on the highway implies the duty to see what was in plain sight.' Vandervert v. Robey, 118 Neb. 395, 225 N. W. 36, citing Kemmish v. McCoid, 193 Ia. 958, 185 N. W. 628." Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673.

The bus driver testified that as he started to enter the intersection from a standing start that he looked to the west but did not see the tractor; that he looked again when on the west-bound streetcar tracks and saw the tractor coming from the west but at a distance which he approximated to be about 75 feet; that he proceeded on at a speed of about 10 miles per hour and was hit near the right front door of his bus at a point on or just south of the east-bound streetcar tracks. From the other evidence in the record, particularly that relating to the speed of the tractor, the jury could have found that when the bus driver entered the intersection the tractor was in plain sight but that he failed to see it; that when he saw it as he looked to the west, at about the time he was on the north track, that it was much closer than he thought it was; and that on either occasion, considering the speed of the bus, he had time enough to yield the right-of-way had he been keeping a proper lookout and observed the oncoming tractor. Both of these issues were properly for the jury.

There is no evidence in the record to justify the giving of C and E.

As to F there is no evidence that the driver of the bus was either inexperienced or incompetent. He had been driving a bus for the Street Railway Co. for many years. It is true that the type of bus involved in the accident, that is, fluid drive, had only recently been installed by the Street Railway Co. However, this driver had taken a course of training in driving it and there is nothing in the record that would sustain a finding that his driving of the bus, insofar as his competency and experience with this type of bus was concerned, in any way related itself

to the accident. The issue should not have been submitted to the jury.

As to G there is no evidence that the driver of the bus drove it on the wrong side of Thirty-third Street. When the bus was hit it was on the right side of Thirty-third Street in the intersection just south of the center line of Leavenworth. After it was hit by the tractor the driver of the bus lost control thereof and then, because the wheels were cramped by the blow, it rolled forward in a southeasterly direction, not because it was driven there, but because of the results of the accident. This issue should not have been submitted.

Both appellants complain that instruction No. 7, as given by the court, violates the principle announced by this court in Ellis v. Union P. R. R. Co., 148 Neb. 515, 27 N. W. 2d 921. Therein we said: "In such cases, instructions to the jury should be considered together that they may be properly understood and when, as an entire charge it appears that they do not limit recoverable negligence to that charged in plaintiff's petition, but authorize recovery for negligence generally, they will ordinarily be adjudged to be prejudicially erroneous."

This principle should, of course, be read in the light of the following: "Where two conflicting instructions are given on a question, one containing an incorrect, and the other a correct, statement of the law, the latter will not cure the former." Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19.

After setting forth in its instruction No. 1 the separate grounds of negligence of which the appellee alleged the appellants were guilty, and upon which he bases his right to recovery, the court, by its instruction No. 6, then properly placed on the appellee the burden of establishing, by a preponderance of the evidence, that the appellants, or one of them, was negligent in respect to one or more of these grounds; that such negligence was the proximate cause of his injury, pain, and suffering; and

the extent and nature of any such injury, pain, and suffering and the amount of his damages.

The court then went on to give its instruction No. 7 which contains the following language: "* * * if you find from a preponderance of the evidence that either defendant or both of them was guilty of any negligence which either proximately caused or contributed to cause the accident and if you find that the plaintiff has established by a preponderance of the evidence the other things required of him to be established as set out in Instruction No. 6, then you shall find for the plaintiff and against such defendant or both of them as you may find from a preponderance of the evidence was guilty of some negligence that either proximately caused or contributed to cause the accident."

We think the quotation cited in Ellis v. Union P. R. R. Co., *supra*, from Indianapolis & Cincinnati Traction Co. v. Sherry, 65 Ind. App. 1, 116 N. E. 594, is particularly applicable here. Therein we quoted the following: "Appellant's contention is that this instruction failed to limit the right of recovery to the acts of negligence alleged in the complaint, but opened wide the door and informed the jury that it might return a verdict for appellee if it found the injuries alleged in the complaint were the result of the negligence of appellant, whether alleged in the complaint or not. It is well settled that a plaintiff is only entitled to recover, in an action for damages predicated on negligence, by proof of one or more of the specific acts of negligence alleged in his complaint, and that a failure to make such proof will defeat his right of action, no matter what other acts of negligence are disclosed by the evidence. * * * The giving of this instruction violates this rule, as its reasonable interpretation would lead the jury to believe that it was its duty to return a verdict for appellee, on a finding that his injuries were caused by any negligence of appellant, regardless of the allegations of the complaint. The giving of it was therefore error."

The Layne-Western Co. contends that appellee failed to prove that the tractor, which ran into the bus, was owned by it; that the driver thereof was in its employment; and that, at the time of the accident, he was engaged in business for it, with its knowledge and direction.

We stated in Sutton v. Inland Construction Co., 144 Neb. 721, 14 N. W. 2d 387, that:

"A corporation is liable for the negligence of the driver of an automobile only when the relation of master and servant, or principal and agent, exists between the corporation and the negligent driver.

"A person is liable for the negligent operation of an automobile by his servant or agent only where such servant or agent, at the time of the accident, was engaged in employer's or principal's business with his knowledge and direction."

In Fidelity Finance Co. v. Westfall, 127 Neb. 56, 254 N. W. 710, we said: "Where an allegation in the petition is admitted by the answer, the fact is established for the purpose of the case, and the court cannot disregard it."

By its second amended answer the Layne-Western Co. admitted its ownership of the tractor but otherwise these matters were denied by the pleadings. The record discloses evidence from which the jury could have found that Donald McGowan, the driver of the tractor, had just taken a trailer to McGrath Welding for repair and was returning to the storage yards of his employer, the Layne-Western Co., located on South Thirteenth Street to get another. We think there is sufficient evidence in the record to sustain this issue but the matter should have been submitted to the jury. See Shaffer v. Thull, 147 Neb. 947, 25 N. W. 2d 755.

The Layne-Western Co. contends that the court's instruction No. 1 comes within the scope of the practice condemned in McClelland v. Interstate Transit Lines, 139 Neb. 146, 296 N. W. 757, and therefore requires a reversal of this case. Therein we said:

"The stating of the issues in an instruction by substantially copying the pleadings of the parties is again condemned.

"If such an instruction results in prejudice to the complaining party, it is sufficient ground for a reversal."

While instruction No. 1, as given by the court, leaves much to be desired insofar as such instruction should concisely state the issues, however, other than including allegations of negligence which find no support in the evidence we do not think it contains any matters the effect of which it can be said were prejudicial. We think this contention to be without merit.

The Layne-Western Co. contends that the appellee alleged and the evidence establishes that the proximate cause of the injury to his back was occasioned immediately following the accident when he attempted to lift the fender off the tire of the Brandeis truck.

"The proximate cause of an injury is that cause which, in the natural and continuous sequence, unaccompanied by any efficient intervening cause, produces the injury, and without which the result would not have occurred." Spratlen v. Ish, 100 Neb. 844, 161 N. W. 573. See, also, Williams v. Hines, 109 Neb. 11, 189 N. W. 623, and Steenbock v. Omaha Country Club, 110 Neb. 794, 195 N. W. 117.

There is evidence in the record from which the jury could have found that appellee, immediately following the accident, injured his back while attempting to lift the fender of the Brandeis truck off the tire thereof. It had been pushed there by the collision with the bus. However, there is also ample evidence from which the jury could have found that the appellee never actually attempted to lift the fender but that his back was injured as a result of the accident. Such finding would be in accord with and support the allegations of appellee's amended and supplemental petition. Therefore this contention is without merit.

What has been said with reference to the sufficiency of the evidence to establish that the injury to appellee's

back was caused by the accident can be said of evidence establishing that the injury to appellee's back was the direct cause of the necessity for an operation thereon in May 1943.

There are other assignments of error made by the appellants. They relate primarily to the court's refusal to give requested instructions which define the rights and duties of the respective drivers while traveling on or approaching a through or arterial street. Since the case must go back for retrial the same questions may not arise again in exactly the same manner and it would serve no useful purpose to discuss them here. However, discussions of these rights and duties, as they may arise in connection with any evidence adduced on retrial, will be found in Schrage v. Miller, 123 Neb. 266, 242 N. W. 649; Bergendahl v. Rabeler, *supra;* and Meyer v. Hartford Bros. Gravel Co., *supra.*

And, with reference thereto, we have stated the trial court's duty to be: "When instructions are asked by either party to a suit, which correctly state the law upon the issues presented by the pleadings and the evidence received during the trial, it is error to refuse them, unless the points are fairly covered by other instructions given by the court on its own motion." Strubble v. Village of DeWitt, 81 Neb. 504, 116 N. W. 154.

For the reasons stated the judgment of the trial court is reversed, the verdict of the jury is vacated and set aside, and the cause is remanded to the district court for retrial.

REVERSED AND REMANDED.