STEWART B. DALE, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, A CORPORATION, APPELLEE.

48 N. W. 2d 380

Filed June 14, 1951. No. 32953.

*Pilcher & Haney,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries and damage to property by Stewart B. Dale, plaintiff and appellant, against Omaha & Council Bluffs Street Railway Company, a corporation, defendant and appellee.

At the conclusion of the plaintiff's evidence the defendant moved for a dismissal of plaintiff's action for the reason that negligence on the part of the defendant had not been established and for the further reason that the evidence established contributory negligence on the part of plaintiff which was more than slight.

The motion for dismissal was sustained. A motion for new trial was filed which was overruled. From the judgment of dismissal and the order overruling the motion for new trial the plaintiff has appealed. The assignments of error are that the court erred in sustaining the motion for dismissal and in overruling the motion for a new trial.

The incident out of which the action flows was a collision between an automobile owned and operated by plaintiff and a streetcar owned by the defendant and operated by one of its employees. The collision occurred in the intersection of Underwood Avenue and Happy Hollow Boulevard in Omaha, Nebraska, at about 9:50 p. m., February 6, 1949. Happy Hollow Boulevard will be hereinafter referred to as the boulevard and Underwood Avenue as the avenue. The avenue extends east and west. The boulevard from the intersection extends generally north and south. The first street east of the boulevard is Fifty-second Street. This street is pro-

tected by stop signs for east and west traffic. It is esti-
mated to be about 320 feet east of the boulevard. The
boulevard is protected by a slow sign for west-bound
traffic on the avenue. The speed indicated by the sign
is 15 miles an hour. The avenue at the intersection in
question here is protected on the south by a stop sign
for north-bound traffic on the boulevard. The stop
sign is 25 feet south of the south curb of the avenue.
The defendant has a single streetcar track extending
from the east across Fifty-second Street on west through
the intersection involved here. The south rail of this
track is about 15 feet north of the south curb line of the
avenue. In a parking strip to the south of the avenue
is a row of trees. This row of trees extends generally
from the boulevard to Fifty-second Street. The row of
trees is about 10 feet south of the south curb line of
the avenue. The trees are spaced from 32 to 35 feet
apart.

The night on which the accident happened was cold.
Snow had been pushed off the boulevard to the east
and there was a ridge of snow along the east curb of
considerable height. The surface of the street was icy
and travel thereon was undoubtedly difficult.

According to the testimony of plaintiff he approached
the avenue on the boulevard from the south. He stop-
ped his automobile about 15 feet to the south of the
stop sign. He looked east to Fifty-second Street where
he saw the streetcar of the defendant either in or emerg-
ing from the intersection of Fifty-second Street with
the avenue. He estimated its speed at about 10 miles
an hour. He estimated the distance away at 320 feet.
After seeing the streetcar he moved forward at a speed of
5 or 6 miles an hour. He never looked to the right again
until, as he says, his automobile was entering the inter-
section. At this time he looked and could see 140 to
150 feet east of the intersection. He never looked to the
east again. After looking to the east on this occasion
he looked to the west, then to the north, and at that time

he saw the streetcar out of the corner of his eye. It was then about 50 feet east of the curb line of the boulevard. At that time the front end of his automobile was in the middle of the intersection with the front wheels between the streetcar rails. He was allowed over objection to give it as his opinion that the streetcar was proceeding at a speed of at least 30 miles an hour. He tried to get out of the way but the wheels of the automobile spun and he was unable to do so. The streetcar struck the automobile on its right-hand side in consequence of which it was caused to go into the banked snow somewhere near the northwest corner of the intersection. This is a résumé of the oral testimony necessary to be considered in determining whether or not the district court erred in sustaining the motion of the defendant for dismissal.

The plaintiff pleaded as a ground of negligence that the defendant operated its streetcar in excess of 25 miles an hour contrary to the city ordinances. A portion of the ordinances of the city of Omaha was introduced and read into the record disclosing that the maximum speeds allowable in passing a slow sign is 15 miles an hour.

Also introduced were the following from the city ordinances:

" 'Right-of-Way Between Vehicles':

" '(a) Vehicles approaching an intersection: The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection.' "

" 'STOP SIGNS. Where stop signs have been placed at any intersection, upon a boulevard, school zone, or upon any other street, it shall be unlawful for the operator of a vehicle to proceed past such stop sign until such operator has brought his vehicle to a complete stop at the stop sign.' "

Other provisions of the ordinances were received. Some of them have no material bearing on the controversy here and others so inadequately appear that they may not receive comprehensive attention, therefore they

will not be considered further herein. It is doubted that they would have a bearing if they were more clearly set forth.

On this evidence the district court sustained the motion for dismissal.

The theory of the motion was twofold, first, that the evidence was insufficient to sustain any charge or charges of negligence made against the defendant, and second, that the evidence of plaintiff showed that he was guilty of contributory negligence and that the degree of such contributory negligence was such as to defeat a right of recovery against the defendant. The latter of the two propositions will be considered first.

Nelson v. Plautz, 130 Neb. 641, 265 N. W. 885, was a case where, like in the case at bar, the district court directed a verdict in favor of the defendant on the ground that the plaintiff in driving into an intersection ahead of another vehicle was guilty of contributory negligence as a matter of law which negligence was of such a degree as to defeat a right of recovery on the part of the plaintiff. In the opinion it was pointed out that where a plaintiff testified that he looked and failed to see a vehicle coming toward the intersection the question of whether or not he was guilty of contributory negligence was ordinarily one of fact. It was however further observed, and on this basis the action of the district court was affirmed, that where one entered an intersection without looking where looking would have been effective he would be guilty of contributory negligence as a matter of law. The court said: "The driver of plaintiff's car had the opportunity to look when by looking he could see that defendant was coming at such a speed as would endanger plaintiff's car and its occupants, if it proceeded into the intersection without stopping or slowing down. Preventive action was easy. It would have been effective. He took no action whatever. This made him negligent in the circumstances, as a matter of law."

These observations were made in the case of an inter-

section where the defendant had no protection of a stop sign. Also the approach of the plaintiff to the intersection was to the right of the defendant.

In Riekes v. Schantz, 144 Neb. 150, 12 N. W. 2d 766, it was said: "A person traveling a favored street protected by a stop sign, of which he has knowledge, may properly assume that oncoming traffic will obey it."

In Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596, it was said: "If the driver of an automobile entering an intersection looks for approaching vehicles but fails to see one which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law.

"When the driver of an automobile entering an intersection looks but fails to see an approaching automobile not shown to be in a favored position, the presumption is that the driver of the approaching automobile will respect his right of way, and the question of his contributory negligence in proceeding to cross the intersection is a jury question.

"Where the operator of an automobile about to enter an intersection sees an approaching car and tests an obvious danger by moving from a place of safety into the path of the oncoming vehicle and is struck, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law, whether he is driving the favored car or not."

In Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501, it was said: "The duty of the driver of a vehicle to look for vehicles approaching on the highway implies the duty to see what is in plain sight."

In Kraft v. Wert, 150 Neb. 719, 35 N. W. 2d 786, it was said: "When a person enters an intersection of two streets or highways he is obligated to look for approaching cars and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty

of contributory negligence sufficient to bar a recovery as a matter of law."

It is to be observed that these quoted statements are directed to duties and obligations imposed by statutory rules of the road, whereas this case relates to the obligation of a motorist with reference to a stop sign placed pursuant to power contained in a city ordinance.

In Simcho v. Omaha & C. B. St. Ry. Co., *supra,* however, without directly so stating, it is indicated that the rules with reference to stopping at stop signs placed pursuant to city ordinances are the same as where the stop sign has been placed pursuant to statute.

In that case the stop sign was one in the city of Omaha. In relation thereto by quotation from Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 14 N. W. 2d 660, it was said: "A driver of a motor vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions and permit all vehicles to pass which are at such a distance and traveling at such a speed that it would be imprudent to proceed into the intersection."

We conclude that the same duties and obligations attend a motorist when he approaches a stop sign erected pursuant to a city ordinance as when he approaches one erected pursuant to state law.

Under these rules it clearly became the duty of the plaintiff to stop in the vicinity of the stop sign and to look to the east for west-bound traffic. He stopped 15 feet back of the stop sign and did see the approach of the streetcar which was about 320 feet away. At the time he stopped he was about 40 feet from the south curb line of the avenue and about 55 feet from the streetcar track. He proceeded at 5 or 6 miles an hour. He said that on account of the row of trees mentioned here he never saw and could not see the streetcar until his front wheels were in the streetcar track and the streetcar was about 50 feet east of the boulevard. He said that he looked to the east as he was entering the intersection

but could see only 140 to 150 feet to the east up the avenue. After looking at that time he never looked again but when the streetcar was about 50 feet east of the boulevard he saw it out of the corner of his eye at which time he estimates that it was traveling about 30 miles an hour.

His evidence that he could not see the streetcar from the time he started until he passed the line of trees must be accepted as true, but his statement that he could not see more than 140 to 150 feet east as he entered the intersection must, on the record, be rejected. From a point 10 feet south of the south curb line of the avenue the view to Fifty-second Street was entirely unobstructed. This point was about 25 feet south of the streetcar track. From his testimony and its inescapable inferences the plaintiff came into this intersection in the path of a vehicle which was favored over him. He knew it was coming but a short distance away. If he looked he saw it in time to avoid the collision. It was his duty to look and if he failed to do so the consequences of his failure are his own.

The plaintiff insists that the questions of negligence and of contributory negligence were for the jury and that it was improper for the court to hold that the plaintiff was guilty of contributory negligence sufficient as a matter of law to defeat a recovery. He relies in the main on McCulley v. Anderson, 119 Neb. 105, 227 N. W. 321.

His substantial theory is that he having stopped at the stop sign thereafter had the right-of-way and that for interference therewith the defendant was guilty of negligence. McCulley v. Anderson, *supra*, does not categorically so hold.

The effect of the opinion in that case is to say that a motorist may stop at a stop sign and thereafter cross an intersection in the face of oncoming traffic if as a reasonably prudent person he believes that in the exercise of ordinary care, and caution for his own safety and

the safety of others he has an opportunity to do so. In so doing he has the right to assume that others will operate their automobiles in a lawful manner. The case does not hold, as is the fact in the case at bar, that after stopping at a stop sign he may blindly or without looking drive into an intersection.

We conclude therefore that the district court correctly found that the plaintiff was guilty of contributory negligence as a matter of law sufficient to defeat a recovery in this case. This conclusion renders unnecessary a discussion of the question of whether or not the defendant was guilty of negligence.

AFFIRMED.