LUCIAL G. STEINBERG, APPELLANT, v. EVERETTE LESTER PAPE, APPELLEE.

150 N. W. 2d 912

Filed May 26, 1967. No. 36532.

Eisenstatt, Morrison, Higgins, Miller, Kinnimon & Morrison, for appellant.

Sodoro & Meares, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action brought by Lucial G. Steinberg, hereinafter referred to as plaintiff, against Everette Lester Pape, hereinafter referred to as defendant, as a result of an automobile accident occurring at the intersection of Fifty-second and Cuming Streets in Omaha, Nebraska. In regard to the circumstances pertaining to the accident, there is very little, if any, conflict in the evidence and it may be summarized as follows: Plaintiff was proceeding south on Fifty-second Street at a speed of from 20 to 25 miles per hour. Defendant was proceeding west on Cuming Street at a speed of about 25 miles per hour. Fifty-second Street is an arterial highway protected by stop signs. As defendant approached Fifty-second Street, there was a panel truck parked adjacent to the stop sign which prevented his observing it and he entered Fifty-second Street without stopping. There were trees and shrubbery at the northeast corner of the intersection which obscured defendant's vision to the north and plaintiff's vision to the east. Plaintiff testified that as she entered the intersection, she looked for other traffic, but did not see defendant's automobile prior to the collision nor did defendant see plaintiff's automobile prior to the collision. Plaintiff's automobile, after the accident, came to rest on a lawn at the southwest corner of the inter-

section and defendant's automobile came to rest adjacent to the curb at the southwest corner of the intersection. The front and right front corner of defendant's automobile were damaged and the left side of plaintiff's automobile in the area of the doors was damaged. Defendant was not familiar with this particular intersection. Evidence regarding the nature and extent of injuries sustained by the plaintiff in the accident was very conflicting. On trial to a jury, verdict was rendered for plaintiff in the sum of $1,800.

Plaintiff has appealed and assigns as error the inadequacy of the verdict and the submission to the jury of the question of plaintiff's contributory negligence.

Regarding the contention that the verdict is inadequate, it is sufficient to state that we find no merit in it. The evidence regarding damages was very conflicting and there was evidence upon which the jury might well have based its finding as to the amount complained of.

Regarding the second assignment of error pertaining to the submission by the trial court of the question of contributory negligence on the part of plaintiff, we find that under the facts existing here, the evidence was not sufficient to sustain the action of the trial court in submitting this question to the jury. This court has repeatedly ruled that one operating a motor vehicle on an arterial highway who enters an intersection must use reasonable care to look for other traffic approaching or in the intersection, and if such motorist looks but fails to see another vehicle which is not favored over him entering the intersection, the question of his negligence or contributory negligence ordinarily presents a jury question. This rule has been frequently cited in cases involving open intersections or under other somewhat similar circumstances where had the motorist on the arterial highway used due care, he could have seen the approach of the other automobile or avoided the accident. One on an arterial highway does not have an absolute right-of-way, but must still conform to the rules

constituting due care under the existing circumstances.

It is also a familiar rule that one traveling upon an arterial highway need not anticipate negligence on the part of a motorist entering the highway from an intersecting street, and need not anticipate that such motorist will fail to stop in obedience to the stop sign or to yield the right-of-way. He has a right to assume that the driver approaching on the intersecting road will observe the law unless and until he has notice to the contrary. In this case, the parties agree that there was what is generally denominated a "blind" intersection. Neither driver saw the approach of the other. Neither car was being driven at an excessive speed and plaintiff was not in violation of any of the statutory rules. She had no reason to anticipate danger until the defendant's automobile entered the intersection and it was too late to avoid an accident. Under such circumstances, plaintiff cannot be held to have been guilty of contributory negligence.

Where the motorist on an arterial highway is not in violation of any statutory regulation, and has no opportunity to anticipate or avoid the accident due to the existence of a blind intersection or a sudden and unexpected entry into the highway by a vehicle from an intersecting street or highway, the motorist on the arterial highway cannot be held to be guilty of negligence or contributory negligence in failing to avoid an accident which from her standpoint was then unavoidable. This case is analogous to several other cases heretofore determined. In the case of Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652, the plaintiff maintained an adequate lookout, saw the approach of the other automobile, but had no reason to anticipate that it would run the stop sign and when it did so, it was then too late for the plaintiff to avoid the accident. In Nichols v. McArdle, 170 Neb. 382, 102 N. W. 2d 848, plaintiff's decedent saw defendant's car approach on an intersecting highway, slow down as though it were about to sop, and then

suddenly accelerate and enter the highway a short distance in front of the automobile driven by plaintiff's decedent. In Giebelman v. Vap, 176 Neb. 452, 126 N. W. 2d 673, there was a blind intersection which made it impossible for the plaintiff to ascertain the approach of the defendant's automobile on an intersecting highway. In all of these cases it was ruled that the motorist on the arterial highway, under the existing circumstances, had no reason to anticipate the entrance into the arterial highway of an automobile from an intersecting road, had no reasonable opportunity to avoid the ensuing accident, and was not guilty of negligence or contributory negligence.

In view of the foregoing, the judgment must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.