WILMA NISTOR, APPELLANT, V. JAMES V. THERKILDSEN, APPELLEE.

151 N. W. 2d 443

Filed June 2, 1967. No. 36317.

818

Schrempp, Rosenthal, McLane & Bruckner, for appellant.

Sodoro & Meares, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The basic question presented is whether the plaintiff is entitled to a directed verdict on the issue of liability arising out of an automobile accident occurring on March 11, 1963, at about 8 a.m. at Thirty-ninth and Laurel Streets, a stop-sign intersection, in the city of Omaha, Nebraska. The trial court submitted the case on the plaintiff's petition and the defendant's cross-petition, and the jury returned a verdict against each party. We reverse the judgment and remand the cause.

Plaintiff was driving east on Laurel Street, an arterial. The left front of plaintiff's automobile collided with the right front of defendant's automobile in the southwest quadrant of the intersection. Defendant, enroute to school with three companions, was driving south

and was familiar with the intersection. Defendant testified that the stop sign was 5 feet north of the curb line; that the view to the west was obscured by bushes 5 to 6 feet in height; that he stopped 5 feet north of the stop sign; and that he saw plaintiff's automobile stopped one-half to three-fourths of a block to the west to permit the passage of children on the street. He then proceeded south straight across the intersection and at no time did he look or see the plaintiff's car moving or approaching in the half block to the right or west. The evidence is conclusive that during the period of time that plaintiff's car was traveling this half block the defendant did not see her or take any precautions whatsoever to avoid the accident. Although the view at the stop sign was obstructed, defendant did not stop at the right-of-way line required by the statute, section 39-724, R. R. S. 1943, Dale v. City of Omaha, 154 Neb. 434, 48 N. W. 2d 380; or at the curb line, Paddack v. Patrick, 163 Neb. 355, 79 N. W. 2d 701, Styskal v. Brickey, 158 Neb. 208, 62 N. W. 2d 854; or at a point where he could see the approaching car in the range of danger, Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333.

The driver of an automobile entering an intersection is obligated to look for approaching automobiles and see any vehicle within the radius which denotes the limit of danger, and if he fails to see one which is favored over him under the rules of the road, he is guilty of negligence as a matter of law. Nichols v. McArdle, 170 Neb. 382, 102 N. W. 2d 848; Cappel v. Riener, 167 Neb. 375, 93 N. W. 2d 36. A motorist approaching a highway protected by stop signs must permit a motor vehicle which is proceeding along the highway protected by stop signs to pass if it is at a distance and is traveling at a speed making it imprudent for a motorist to proceed into the intersection. Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652; Nichols v. McArdle, *supra;* Paddack v. Patrick, *supra;* Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751. The duty of the driver of a vehicle to look over

vehicles approaching on the highway implies the duty to see what is in plain sight. Nichols v. McArdle, *supra;* Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501.

There is no allegation or proof of excessive speed of plaintiff's vehicle. Her vehicle was approaching or entering the intersection for at least half a block and in plain sight of the defendant as he approached and entered the intersection. Preventive action was easy. He took no action whatsoever because, by his own admission, he never saw the plaintiff at all during this critical period of time. Undisputedly, her vehicle was traveling in the range of danger, the defendant failed to see her, and the collision resulted. The defendant was not only legally compelled to stop and look before he went on the arterial highway, but the duty imposed on him was mandatory that before he went thereon that he see what was in plain sight in the range of danger and could have and should have been seen by any normal person reasonably and effectively complying with this obligation. See Nichols v. McArdle, *supra.*

This is not a case where the evidence supports an inference of a reasonably formed judgment that the vehicle approaching on the arterial was outside the range of danger and therefore it would be prudent to proceed. It is rather a case of an entire failure to see and avoid a collision with a vehicle, undisputedly within the range of danger. The rules above noted may not be avoided by the simple expedient of evidence that the approaching vehicle was observed at some point in the distance on the arterial highway. We come to the conclusion that the defendant was guilty of negligence as a matter of law.

We turn to the question of contributory negligence. The burden of proof to establish evidence of contributory negligence is, of course, on the defendant. Wolcott v. Drake, 162 Neb. 56, 75 N. W. 2d 107; Colton v. Benes, *supra.* Defendant did not see plaintiff's vehicle approach-

ing, so this burden must be met almost entirely on plaintiff's testimony. Plaintiff first saw the defendant when she was about 30 to 35 feet west of the curb line. At that time plaintiff was traveling 20 to 25 miles per hour. She kept the defendant's vehicle under observation. The defendant did not stop at the stop sign. This was corroborated by defendant's companion, Bruce Sheffield, who was riding with him. When plaintiff was about 10 feet from the west curb line, she realized that the defendant was not going to stop, and she applied her brakes, but it was too late to avoid the collision. Defendant did not apply his brakes.

There was neither allegation nor proof of an excessive or unlawful speed, nor does the defendant so contend. There is no evidence that plaintiff kept an improper lookout; in fact, she had the defendant's car under observation continually from a point about 30 to 35 feet north of the curb line of Laurel Street. Is there any evidence of lack of proper control? We think not. A traveler on highways may assume, unless and until he has warning, notice, or knowledge to the contrary, that any other user of the highways will use them in a lawful manner, and until he has such warning, notice, or knowledge, *he may govern his acts in accordance with such assumption.* Nichols v. McArdle, *supra;* Paddack v. Patrick, *supra;* Colton v. Benes, *supra.* The evidence is that it was too late to avoid the accident after plaintiff became aware of the defendant's sudden and unexpected entry into the intersection.

In Steinberg v. Pape, *ante* p. 806, 150 N. W. 2d 912, in holding a plaintiff driver on an arterial free from contributory negligence, even though she did not see the vehicle on the intersecting road, we recently said: "Where the motorist on an arterial highway is not in violation of any statutory regulation, and has no opportunity to anticipate or avoid the accident due to the existence of a blind intersection or a sudden and unexpected entry into the highway by a vehicle from an

intersecting street or highway, the motorist on the arterial highway cannot be held to be guilty of negligence or contributory negligence in failing to avoid an accident which from her standpoint was then unavoidable. This case is analogous to several other cases heretofore determined. In the case of Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652, the plaintiff maintained an adequate lookout, saw the approach of the other automobile, but had no reason to anticipate that it would run the stop sign and when it did so, it was then too late for the plaintiff to avoid the accident. * * * In all of these cases it was ruled that the motorist on the arterial highway, under the existing circumstances, had no reason to anticipate the entrance into the arterial highway of an automobile from an intersecting road, had no reasonable opportunity to avoid the ensuing accident, and was not guilty of negligence or contributory negligence."

In Fairchild v. Sorenson, 165 Neb. 667, 87 N. W. 2d 235, a somewhat analogous stop-sign intersection case, we said: "There was no evidence from which a reasonable inference could flow that the defendants had notice of danger in entering the intersection at the rate of speed and the manner in which their automobile was being operated as it approached the intersection *until Herman E. Fairchild drove his automobile into it.*" (Emphasis supplied.)

The evidence in this case is clear that the proximate cause of this collision was the negligence of the defendant and that the defense of contributory negligence is not sustained by any evidence. The plaintiff was entitled to a directed verdict on the issue of liability. The judgment is reversed and the cause remanded for a new trial on the issue of damages alone.

REVERSED AND REMANDED.