EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. RAFAEL ARROYO RÍOS, JUEZ, demandado; FELÍCITA BELÉN DE JESÚS, interventora.

*Número:* O-67-418      *Resuelto:* 26 de junio de 1968

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Juan José Ríos Martínez, Procurador General Auxiliar,* abogados del peticionario; *Mario A. Rodríguez,* abogado de la interventora.

PER CURIAM: Felícita Belén de Jesús fue acusada de asesinato en segundo grado. Se le imputó practicar un aborto criminal en la persona de Evarista Rodríguez Rivera. Durante el juicio el fiscal intentó presentar en evidencia unos objetos ocupados en la residencia de la acusada. La defensa se opuso y el juez la sostuvo. Expedimos auto de *certiorari* para revisar esa resolución.

Cuando se investigaba el caso, a mediados del año 1963, la acusada hizo unas manifestaciones pero informó que no firmaba "hasta que un abogado no vea la declaración y entonces me diga el abogado si puedo firmar o no." Luego de ordenarse su arresto la acusada expresó a dos detectives y al fiscal que ya ella no se dedicaba a "eso" y que los invitaba a que visitaran su casa para que pudieran comprobarlo. Según declaró el fiscal que intervino la acusada manifestó "que ella no se dedicaba ya a esa cosa que se le imputaba, que ya ella no se dedicaba a eso y que no tenía nada, ningún instrumento de los que se utilizan en la provocación de aborto, que era de lo que se le acusaba a ella y que ella estaba dispuesta a que se buscara en su casa para corroborar ese hecho de que ella no se dedicaba a eso."

El juez de instancia sostuvo la posición de la defensa fundándose en que la acusada no tuvo asistencia de abogado al consentir que se registrara su residencia.

Colorario de *Escobedo* v. *Illinois,* 378 U.S. 478 (1964); *Miranda* v. *Arizona,* 384 U.S. 436 (1966) y *Rivera Escuté*

v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965) es la cuestión que este caso plantea. ¿Es válido el consentimiento prestado para registrar su residencia, por una persona bajo arresto, sin que haya tenido la asistencia de abogado?

En el presente caso no hay controversia en cuanto a que la acusada consintió al registro. Es claro que el derecho a que no se registre la morada a no ser mediante orden expedida de acuerdo con la disposición constitucional, es renunciable. *Pueblo* v. *Barrios*, 72 D.P.R. 171, 175 (1951); *Bumper* v. *North Carolina*, 88 S.Ct. 1788 (1968); 36 L.W. 4513 decidido el 3 de junio de 1968. Esta renuncia debe ser establecida por prueba clara y positiva, demostrativa de que no existió coerción de clase alguna, directa o indirecta. El consentimiento en estos casos no debe estar sujeto a interpretación. Debe ser claro e inequívoco. *Bumper* v. *North Carolina*, supra; *Gorman* v. *United States*, 380 F.2d 158 (1st Cir. 1967); *Judd* v. *United States*, 190 F.2d 649 (D.C. Cir. 1951); *Parrish* v. *Civil Service Comn. of County of Alameda*, 425 P.2d 223 (Calif. 1967); *State* v. *Leavitt*, 237 A.2d 309 (R.I. 1968). En el presente caso la acusada invitó a que se registrara su casa.

La determinación de si la doctrina de *Escobedo* y *Miranda* se aplica a una persona bajo arresto que ha consentido a un registro todavía no ha sido resuelta definitivamente en los Estados Unidos. Unas jurisdicciones se niegan a extenderla. *State* v. *Leavitt*, supra; *Gorman* v. *United States*, supra; *People* v. *Martinez*, 65 Cal. Rptr. 920 (S.C. App. Dis. L.A. Calif. 1968); *Commonwealth* v. *Anderson*, 222 A.2d 495 (Pa. 1966); *People* v. *Dahlke*, 64 Cal. Rptr. 599 (C.A. 1 Dis. Cal. 1967); *People* v. *Ledferd*, 232 N.E.2d 684 (Ill. 1968); *State* v. *Forney*, 150 N.W.2d 914 (Neb. 1967); *State* v. *McCarty*, 427 P.2d 616 (Kan. 1967). Sin embargo en *United States* v. *Nikrasch*, 367 F.2d 740 (7th Cir. 1966) y *United States* v. *Blalock*, 255 F.Supp. 268 (D.C.E.D. Penn. 1966) se sostiene que para que la renuncia se considere hecha voluntaria e

inteligentemente, la persona debe haber tenido la asistencia de abogado. Y en un artículo *Consent Searches: A Reappraisal After Miranda* v. *Arizona,* 67 Colum. L. Rev. 130–146 (1967) se considera esta cuestión ampliamente llegándose a la conclusión de que *Miranda* se aplica a toda situación en que se renuncia una garantía constitucional fundamental. Al mismo efecto Dunkle, *Miranda and the Fourth Amendment,* 46 N.C.L. Rev. 142 (1967), Nota, 36 Fordham L. Rev. 801 (1968).

Los hechos del presente caso hacen innecesario que dictaminemos sobre la cuestión planteada. En primer lugar ocurrieron en la segunda mitad del año 1963 antes de que se enunciaran las doctrinas invocadas. Los hechos indisputados establecen que la acusada conocía sus derechos. Se negó a suscribir una declaración que prestó sin que tuviera la oportunidad de consultar con un abogado. Es a iniciativa de ella, con el propósito de demostrarle a los fiscales que es inocente, que ya no se dedicaba a practicar abortos, que invita a los agentes que visiten su casa para que puedan cerciorarse de lo que ella afirma. Difícilmente necesita la asistencia de abogado una persona que se niega a firmar una declaración hasta que reciba el consejo de un letrado e inmediatamente invita a los agentes a que registren su casa.

*Se revocará la resolución recurrida y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Ramírez Bages concurre con el resultado. El Juez Asociado Señor Santana Becerra disintió.

—O—

Voto concurrente del Juez Asociado Señor Ramírez Bages

San Juan, Puerto Rico, a 26 de junio de 1968

Concurro en el resultado por considerar que, siendo innecesario dictaminar sobre la cuestión de si un acusado debe

274

tener asistencia de abogado al consentir que se registre su residencia, no debe hacerse en la opinión en este caso referencia alguna al estado del derecho en otras jurisdicciones sobre esta cuestión.