LOIS WHITE, APPELLANT, V. REBECCA KLUGE ET AL., APPELLEES.

204 N. W. 2d 789

Filed March 9, 1973. No. 38588.

Homer E. Hurt, Jr., and James A. Gallant, for appellant.

Thomas J. Walsh and Michael R. O'Malley of Walsh, Walentine, Wolfe & Miles, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The basic question presented in this case is whether the plaintiff, a passenger in a car driven by her sister, Kay Moeller, is entitled to a directed verdict on the issue of liability arising out of an automobile-tractor accident occurring on June 8, 1970, on a county road stop sign intersection about 3 miles east of North Bend, Nebraska, and 10 miles north of U.S. Highway No. 30. The district court submitted the issues of negligence and proximate cause to a jury which found for the defendants, and the court entered judgment accordingly. We reverse the judgment of the district court and remand the cause with directions to direct a verdict for the plaintiff on the issue of liability.

The Moeller car, northbound, in which the plaintiff was riding, crossed the crest of a hill and approached an intersection at the base of a downgrade. The Moeller car was traveling on the arterial and the intersection is protected by stop signs on the east-west road. It is also obstructed as there is a grove of trees along the east side of the north-south road which prohibits northbound drivers from seeing westbound drivers, and vice versa. The evidence is that the plaintiff indicated to her sister that was the point at which they must turn right in order to return to Scribner, Nebraska, and the plaintiff testified she felt the car slow down as her sister let up on the foot-feed. The plaintiff looked to the right to see if the intersection was clear but could not tell because of the grove of trees which obstructed her view. The evidence is undisputed that the defendant, Rebecca Kluge, driving an Oliver farm tractor and pulling a hayrack was approaching the intersection from the east. Rebecca was then 12 years old, and had been helping her father haul hay from a field some 8 miles from their farm. By her own admission she failed to

stop at the stop sign, even though she could not see the north-south road to her left because of the trees. She testified that the first time she saw the Moeller car her tractor was in the middle of the intersection and the Moeller car was skidding toward her. A collision resulted. The right front of the Moeller vehicle struck the left rear of the tractor throwing the plaintiff against the windshield and injuring her.

Without further recitals of the detailed evidence, the evidence in this case conclusively shows that although the view from the stop sign was obstructed, the defendant Rebecca did not stop at the right-of-way line required by the statute, section 39-724, R. R. S. 1943; Dale v. Omaha & C. B. St. Ry. Co., 154 Neb. 434, 48 N. W. 2d 380; or at a point where she could see the approaching car in her range of danger, Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333. This case is controlled by our holdings in Steinberg v. Pape, 181 Neb. 806, 150 N. W. 2d 912; Nistor. v. Therkildsen, 181 Neb. 817, 151 N. W. 2d 443; Nichols v. McArdle, 170 Neb. 382, 102 N. W. 2d 848. The controlling rules of law are that the driver of an automobile entering an intersection is obligated to look for approaching automobiles and to see any vehicle within the radius which denotes the limit of danger, and if he fails to see one which is favored over him under the rules of the road, he is guilty of negligence as a matter of law. A motorist approaching a highway protected by stop signs must permit a motor vehicle which is proceeding along the highway protected by stop signs to pass if it is at a distance and is traveling at a speed making it imprudent for a motorist to proceed into the intersection. Nistor. v. Therkildsen, supra; Steinberg v. Pape, supra; Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652; Nichols v. McArdle, supra; Paddack v. Patrick, 163 Neb. 355, 79 N. W. 2d 701; Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751. It is the duty of the driver of a vehicle approaching an arterial highway protected by stop signs to look for vehicles ap-

proaching on the arterial highway and this duty implies the duty to see what is in plain sight. Nichols v. McArdle, *supra*; Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501.

This was an obstructed intersection, the same situation that was present in Nistor v. Therkildsen, *supra*. Therein we held that a plaintiff driver on the arterial was entitled to a directed verdict on the issue of liability in a similar situation. This case is much the stronger because it is not even contended that the plaintiff herself was guilty of any contributory negligence which was the proximate cause of this accident. The evidence in this case is conclusive that had Rebecca stopped at the right-of-way line, as required by section 39-724, R. R. S. 1943, or at a point sufficiently beyond the trees so as to permit her an unobstructed view of the northbound highway, she could have observed the Moeller car as it traveled at a distance of well over 1,000 feet in plain view. She took no action whatsoever because, by her own admission, she never saw the vehicle in which the plaintiff was riding at all during this critical period of time. Undisputedly, the vehicle on the arterial was traveling in the range of danger, Rebecca failed to see her, and the collision resulted. Rebecca was not only legally compelled to stop and look before she went onto the arterial highway, but the duty imposed upon her was mandatory before she went thereon that she see what was in plain sight within the range of danger and what could have been seen by any normal person reasonably and effectively complying with the obligations of the law as we have pronounced them herein. See, Nistor v. Therkildsen, *supra*; Nichols v. McArdle, *supra*. We point out that this, undisputedly, is not a case where the evidence supports an inference of a reasonably formed judgment that the vehicle approaching on the arterial was outside the range of danger and therefore it would be prudent to proceed. It is rather a case of an entire failure to see and avoid a collision with a ve-

hicle which, by the defendant Rebecca's own admission, was undisputedly within the range of danger at the time she was about to enter the intersection. There is no evidence in this case that the defendant Rebecca even observed the approaching vehicle at some point in the distance on the arterial highway. We have no difficulty in coming to the conclusion that the defendant Rebecca was guilty of negligence as a matter of law and that such negligence was a proximate cause of the collision.

Although it is clear under our holdings in Steinberg v. Pape, *supra;* Nichols v. McArdle, *supra;* and Nistor v. Therkildsen, *supra,* that the driver of plaintiff's vehicle was not guilty of any contributory negligence, it is not necessary for us to examine that issue in this case, inasmuch as the plaintiff was a passenger and it is not contended that she was guilty of independent contributory negligence. It further appears that the defendant Rebecca Kluge was driving the tractor under the direction and control of her defendant father and under the principles of respondeat superior, the defendant father was liable for her negligence.

The judgment of the district court is reversed and the cause is remanded for a new trial with directions that the defendants, as a matter of law, were guilty of negligence proximately causing the accident, and that the sole issue for retrial is one of damages and injuries proximately caused by the accident.

REVERSED AND REMANDED WITH DIRECTIONS.