JOHN D. MELIA, SPECIAL ADMINISTRATOR OF THE ESTATE OF PEARL LORRAINE NORGAARD, DECEASED, APPELLANT, v. CRAIG SVOBODA, APPELLEE.

214 N. W. 2d 476

Filed January 18, 1974. No. 39085.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

John J. Respeliers of Respeliers & DiMari, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

McCOWN, J.

This is an action for wrongful death, the result of an automobile accident in an intersection. All issues were submitted to the jury which returned a verdict for the defendant.

The accident occurred on February 11, 1971, just before 9 a.m., at the intersection of Military Avenue and 90th Street in Douglas County, Nebraska. It was a bright sunny day but the road was wet from melting snow. The decedent, Mrs. Norgaard, was proceeding south on 90th Street and the defendant was proceeding west on Military Avenue. There was an automatic traffic signal at the intersection. The speed limit on Military Avenue at this point was 50 miles per hour. Essentially the only testimony as to what happened comes from the defendant. He testified that he was traveling at about the 50 mile per hour speed limit. He checked the traffic light when he was approximately 100 yards from the intersection and again just as he was going through the intersection. On both occasions the light was green for westbound traffic. He suddenly saw the car driven by Mrs. Norgaard directly in front of him in the intersection and about two car-lengths away. He tried to brake and

to turn to the right but the left front of the defendant's car collided with Mrs. Norgaard's car at a point just behind the left door. Her car came to rest about 75 feet south of the intersection on 90th Street. Mrs. Norgaard was thrown from her car and landed on a triangular median at the southwest corner of the intersection 66 feet from the point of impact and 75 feet from the point where her car came to rest after the collision. The defendant's car came to rest headed east at a point west of the intersection. Mrs. Norgaard died without regaining consciousness.

The plaintiff moved for a directed verdict on the issue of contributory negligence; moved to strike each of the allegations as to the contributory negligence of Mrs. Norgaard for failure of proof; and later moved for a directed verdict on the issue of defendant's negligence. The motions were all overruled. The defendant moved for a directed verdict both at the close of plaintiff's evidence and again when all the evidence had been presented. His motions were also overruled. The case was submitted to the jury on all issues and the jury's verdict was for the defendant.

The plaintiff's assignments of error boil down to the assertion that plaintiff was entitled to a directed verdict on the issue of defendant's negligence, as well as to a directed verdict on the issue of decedent's contributory negligence. The essential basis for the first claim is that the defendant did not see decedent's automobile until it was directly in front of him and therefore he must have been guilty of failure to keep a proper lookout as a matter of law. The basis for the contention on the contributory negligence issue is that there was no affirmative testimony to establish negligence on the part of the decedent. The latter contention disregards the fact that there is ample physical evidence from which the jury could have and obviously did infer the decedent's negligence.

The difficulty with all plaintiff's contentions is that they rest upon only the evidence or inferences most favorable to the plaintiff, while the opposite assumptions are required by law. The evidence is uncontradicted that the defendant was proceeding through the intersection with the green light and the corollary inference must follow that the decedent was proceeding against a red light. Any inferences to be drawn from the physical facts must also be resolved in the defendant's favor.

A motion for directed verdict must be treated as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Hoffman v. Jorgensen Awnings, Inc., 178 Neb. 261, 132 N. W. 2d 867. A consideration of all the evidence viewed in the light most favorable to the defendant makes it apparent that in this case, at the very least, the issues were for the jury.

Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. Fellows v. Buffalo County, 181 Neb. 269, 147 N. W. 2d 801. There was no prejudicial error here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.