CELESTE JEAN PICKETT, APPELLEE, V.
VINCENT K. PARKS, APPELLANT.

303 N.W.2d 296

Filed March 13, 1981. No. 43321.

Walsh, Walentine, Miles, Fullenkamp & O'Toole for appellant.

Thomas R. Wolff for appellee.

Heard before BOSLAUGH and WHITE, JJ., and RONIN, KELLY, and BARTU, District Judges.

KELLY, District Judge.

This is an appeal from the District Court for Douglas County and involves an automobile accident that occurred at the intersection of Lafayette Avenue and 69th Street in Omaha, Nebraska. Trial was to a jury; and at the close of appellant's evidence, the trial court directed a verdict in favor of appellee on the negligence and contributory negligence issues.

The appellant was traveling west on Lafayette Avenue. This street has a stop sign protecting 69th Street; the appellee was proceeding north on 69th Street. Sixty-ninth Street is a two-lane street, one lane north and one south.

The appellant claims he came to a complete stop and then looked both to the right and the left before proceeding into the intersection where the appellee struck the left side of his automobile at the rear door. A disinterested eyewitness testified that appellee was 20 feet from the intersection when the appellant came through without stopping at the stop sign, and the appellee was going about 20 miles per hour.

This case is governed by several oft-stated rules of law. A motorist approaching a roadway protected by stop signs must stop before going upon the highway, must look to his left and to his right, and must permit a motor vehicle which is proceeding along the roadway protected by stop signs to pass if it is at a distance and is traveling at a speed making it imprudent for the motorist to proceed into the intersection. *Hartman v. Brady*, 201 Neb. 558, 270 N.W.2d 909 (1978); *Nistor v. Therkildsen*, 181 Neb. 817, 151 N.W.2d 443 (1967). Furthermore, the duty of a motorist to look for vehicles approaching on a roadway protected by stop signs implies the obligation to see what is in plain view. *Nistor v. Therkildsen, supra; Nichols v. McArdle*, 170 Neb. 382, 102 N.W.2d 848 (1960). Similarly, a motorist entering an intersection of highways is obligated to look for approaching automobiles and to see any vehicle within that radius which denotes the limit of danger. *Nistor v. Therkildsen, supra; Nichols v. McArdle, supra.* Finally, a motorist who is entering an intersection and looks for approaching vehicles but fails to see one which is favored over him under the rules of the road is guilty of negligence as a matter of law. *Nistor v. Therkildsen, supra; Nichols v. McArdle, supra; Cappel v. Riener*, 167 Neb. 375, 93 N.W.2d 36 (1958).

Since this case comes to us after a directed verdict for

the appellee, the evidence must be considered in the light most favorable to the appellant. Every controverted fact must be resolved in favor of the appellant and he is entitled to the benefit of every reasonable inference that may be drawn from the evidence. *Treffer v. Seevers*, 195 Neb. 114, 237 N.W.2d 114 (1975); *Melia v. Svoboda*, 191 Neb. 150, 214 N.W.2d 476 (1974). Be that as it may, the principles of law cited above applied to the facts taken most favorably to the appellant result in the conclusion that the appellant was guilty of negligence as a matter of law.

The burden to establish contributory negligence is on the defendant. *Nistor v. Therkildsen, supra; Coltan v. Benes*, 176 Neb. 483, 126 N.W.2d 652 (1964); *Hancock v. Paccar, Inc.*, 204 Neb. 468, 283 N.W.2d 25 (1979). The damage to both vehicles involved in this case was minimal, and that fact, in itself, rules out the possibility of excess speed on behalf of the appellee. In addition, the appellee is entitled to the benefit of the rule that a traveler on the highways may assume, unless and until he has warning, notice, or knowledge to the contrary, that any other user of the highways will use them in a lawful manner, and until he has such warning, notice, or knowledge, he may govern his acts in accordance with such assumption. *Nistor v. Therkildsen, supra; Nichols v. McArdle, supra; Paddack v. Patrick*, 163 Neb. 355, 79 N.W.2d 701 (1956). In this case, the evidence shows that it was too late to avoid the accident after the appellant's sudden or unexpected entry into the intersection.

The trial court was correct in directing the verdict on the negligence and contributory negligence issues and its judgment is affirmed.

AFFIRMED.

BARTU, District Judge, concurs in result.