# 95 DTA 146

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JESUS R. PEREZ CRUZ, JOSE A. ROBLES RODRIGUEZ Y LUZ M. PADILLA, ZACARAS VAZQUEZ CASTILLO, JOSE L. TORRES HERNANDEZ
Peticionarios

Núms. KLCE-95-00229 y KLCE-95-00230

Se consolidan KLCE-95-00229 y KLCE-95-00230

San Juan, Puerto Rico, a 22 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Los peticionarios presentaron un recurso de *certiorari* en el cual interesan se revoque la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama que declara válida la incautación de armas y drogas ocupadas a los peticionarios sin que mediara una orden de registro y/o allanamiento.

Por tratarse del mismo asunto se consolida el *certiorari* KLCE9500229 *(Pueblo v. Jesús Pérez Cruz)* y el KLCE9500230 *(Pueblo v. José A. Robles Rodríguez, Luz M. Padilla, Zacarías Vázquez Castillo y Jose L. Torres Hernández).*

El 27 de enero de 1995 se celebró una vista en la cual se discutió la moción de supresión de prueba presentada por los acusados. En ella se adujo que la evidencia delictiva fue ocupada en violación a preceptos constitucionales contenidos tanto en la Constitución del Estado Libre Asociado de Puerto Rico como en la Constitución de Estados Unidos. El Tribunal de Instancia declaró sin lugar dicha moción. No conforme con ello los peticionarios acuden ante nos. No les asiste la razón.

A los efectos únicamente del incidente de la vista de supresión de prueba y tomando en consideración el *quantum* de prueba requerido en dicha etapa, el Tribunal estimó probado lo siguiente: *"Que el agente Héctor Valentín García de la Unidad de Saturación de Guayama, allá para el 8 de agosto de 1994 a eso de las 3:20 de la tarde, escuchó por radio una información que indicaba que unos vecinos del Barrio Carite, Sector Palma Sola, en el Km. 14.7, habían llamado, que se estaban escuchando detonaciones dentro de una finca. Que se dirigió al lugar junto a un compañero, que al llegar, escuchó detonaciones que provenían del interior de la finca, que al frente de la finca, vio dos vehículos estacionados. Que se internaron en la finca por un portón penetrando con cautela, porque no sabían lo que podían*

*encontrar, mirando a ambos lados. Que en el lugar había una residencia cerrada, que se dirigieron a donde provenían las detonaciones y al llegar cerca de una casa sin puertas ni ventanas, vieron a varias personas portando armas de fuego, se les arrestó, leyeron las advertencias de ley pertinentes que luego firmaron y se le ocupó a José A. Robles Rodríguez, un rifle calibre 7.62 que portaba en la mano; a Zacarías Vázquez Castillo, una pistola automática; a José L. Torres Hernández un revólver calibre 22; a Jesús R. Pérez Cruz una pistola calibre 9 mm y a Luz M. Padilla una bolsita conteniendo marihuana. Que posteriormente ocuparon en los vehículos estacionados fuera de la finca varias envolturas de cigarrillos de marihuana y un peine cargado de pistola 9 mm. Que a consecuencia de la evidencia ocupada se presentaron cargos por varias infracciones a la Ley de Armas de Puerto Rico e infracción al artículo 404 de la Ley de Sustancias Controladas. "*

## II

La sección 10 del artículo II de nuestra Constitución dispone que:

*"No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables. No se interceptará la comunicación telefónica.*

*Sólo se expedirán mandamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse. Evidencia obtenida en violación a esta sección será inadmisible en los tribunales."*

Esta disposición es similar, aunque la nuestra es más abarcadora, a la de la Cuarta Enmienda de la Constitución de los Estados Unidos, cuya aplicación ha sido extendida a los Estados a través de la Enmienda Catorce, *Mapp v. Ohio,* 367 v. 643(1961). Dicho de otra forma, tanto en nuestra jurisdicción como en la norteamericana impera la norma general de que todo registro, allanamiento o incautación que se realice sin que medie una orden de un tribunal es ilegal y/o irrazonable y por ende la evidencia ocupada es inadmisible y no puede ser usada en un procedimiento judicial. *E. L. A. v. Coca Cola Bott. Co.* 115 D.P.R. 197 (1984); *Pueblo v. Falú Martínez,* 116 D.P.R. 828 (1986). Más aún, se activa una presunción de invalidez y correspondería al Ministerio Público rebatir tal presunción mediante la presentación de prueba sobre las circunstancias especiales que requirieron proceder al registro o incautación sin la correspondiente orden judicial. *Pueblo en interés del menor N.R.O.,* **94 JTS 118**, opinión del 12 de septiembre de 1994; *Pueblo v. Pacheco Báez,* **92 JTS 69,** opinión del 8 de junio de 1992; *Pueblo v. Rosario Igartúa,* **92 JTS 24**, opinión del 26 de febrero de 1992; *Pueblo v. Martínez,* 120 D.P.R. 479 (1988); *E. L. A. v. Coca Cola Bott. Co., supra; Pueblo v. Lebrón,* 108 D.P.R. 324 (1979). Es decir, la norma constitucional que prohibe el registro sin orden judicial previa no es absoluta ni confiere derechos irrestrictos. Regla 11 de Procedimiento Criminal, 34 L.P.R.A., Ap II; *Pueblo v. Cruz Torres,* **94 JTS 122**, opinión del 14 de septiembre de 1994; *Pueblo v. Alcalá Fernández,* 109 DPR 326 (1980); *Pueblo v. Lebrón, supra, Pueblo v. González Rivera,* 100 DPR 651 (1972).

Nuestra jurisprudencia ha reconocido circunstancias excepcionales donde se convalidan las intervenciones de agentes del orden público sin la previa orden judicial. Entre estas se encuentran:

(a) la evidencia obtenida en registros incidentales a un arresto válido. *Pueblo v. Cruz Torres, supra, Pueblo v. Pacheco Báez, supra, Pueblo v. Rosario Igartúa, supra, Pueblo v. Malavé González,* 120 D.P R. 470(1980); *Pueblo v. Costoso Caballero,* 100 D.P.R. 147 (1971); *Pueblo v. Tribunal Superior,* 96 D.P.R. 270(1968).

(b) cuando se brinda el consentimiento para el registro o se renuncia el derecho

constitucional contra registros y allanamientos irrazonables. *Pueblo v. González, supra, Pueblo en interés del menor N.R.O., supra; Pueblo v. Rivera Rivera,* 117 D.P.R. 283 (1986); *Pueblo v. Malavé González, supra; Pueblo v. Acevedo Escobar,* 112 D.P.R. 770 (1982). *Pueblo v. Narváez Cruz,* 121 D.P.R. 429 (1988).

(c) cuando la evidencia ocupada está a plena vista. *Pueblo v. Dolce,* 105 D.P.R. 422(1976); *Pueblo v. Narváez Cruz, supra, Pueblo v. Cruz Torres, supra, Pueblo v. Rodríguez,* **91 JTS 49**, opinión del 20 de mayo de 1991; *Pueblo v. Espinet,* 112 D.P.R. 531(1982)

(d) cuando se ocupa evidencia que ha sido abandonada o arrojada. *Pueblo v. Lebrón, supra; Pueblo en interés del menor A.L.R.G.,* **93 JTS 39**; *Pueblo v. Llanos,* 97 D.P.R. 95 (1969); *Pueblo v. González,* 102 D.P.R. 374(1974),

(e) mientras se realiza un registro de inventario. *Pueblo v. Rodríguez Serrano, supra.*

(f) registros en situaciones de emergencia. *Pueblo v. Falú Martínez, supra, Welsh v. Wisconsin,* 466 v. 740(1984); *Pueblo v. Rivera Collazo,* 122 D.P.R. 408(1988). **En nombre del debido proceso de ley**, Resumil de Sanfilippo, Olga E., LVIII Rev. Jur. U.P.R. 135, 177, (1989).

El caso que nos ocupa se enmarca dentro de esta última excepción. Los agentes del orden público penetraron en la finca con el ánimo de investigar lo que parecía ser peligroso para la seguridad pública o privada. Véase, Ernesto Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, a la página 451.

No se debe perder de perspectiva que la policía realiza diversas funciones. Ellos no se limitan únicamente a investigar hechos delictivos, a identificar sospechosos de delito y a proceder con su arresto. Entre las funciones inherentes a su cargo se encuentran las de vigilancia preventiva, deben además brindarle seguridad y tranquilidad a la ciudadanía y proveer auxilio a personas que pudieran estar en peligro. En ocasiones para realizar estas funciones tienen que penetrar a propiedades y viviendas desprovistos de autorización judicial. Si en el proceso de realizar alguna de esas gestiones ocuparen alguna evidencia, su admisibilidad en los tribunales se determinará caso a caso y tomando en consideración la totalidad de las circunstancias. Lo medular y lo importante es determinar si la actuación de los agentes del gobierno fue razonable.

En *Pueblo v. Rivera Collazo,* 122 D.P.R. 408, 417(1988) el Tribunal Supremo se expresó de la siguiente manera:

*"Una mera alegación de emergencia, infundada y sin explicar, no es suficiente para hacer admisible una evidencia obtenida mientras la policía entraba para atender una supuesta emergencia. Debe haber algo más. Primeramente, por ser ésta una excepción al requisito constitucional de una orden judicial para un registro, el peso de la prueba para demostrar que el registro sin orden cae dentro de la excepción, la tiene el Estado. En segundo lugar, debe haber una evaluación rigurosa de la razonabilidad de la creencia que requiere de su inmediata asistencia para la protección de vidas o propiedad; la entrada o registro no puede estar motivada por un intento de arrestar o buscar evidencia, y debe haber alguna relación entre la emergencia y el área o sitio en que se penetra".*

En los hechos particulares del caso que nos ocupa, una vez el agente Valentín García se acercó a las inmediaciones de la finca y escuchó que las detonaciones provenían del interior de la misma, ¿hubiese sido razonable acudir al tribunal más cercano y obtener una orden de allanamiento? En ese momento, cuando se internó con sus compañeros en la finca ¿su intención era arrestar a alguna persona u ocupar evidencia delictiva? Entendemos que ambas

preguntas deben contestarse en la negativa. Nos es forzoso concluir que el agente Valentín García se encontraba legalmente en las inmediaciones de la residencia que se encontraba desprovista de puertas y ventanas. De allí pudo observar, a plena vista, que los peticionarios portaban varias armas de fuego. Inmediatamente los arrestaron y además de las armas, se ocupó una bolsita con marihuana. Nada de lo precedentemente expuesto estuvo revestido de ilegalidad. Es por ello que dicha evidencia es admisible en procesos judiciales.

Sin embargo se desprende de la prueba presentada en la vista de supresión de evidencia, que los agentes se dirigieron a los vehículos que se encontraban estacionados fuera de la finca, y a distancia de donde estaban arrestados los peticionarios, y dentro de los vehículos ocuparon marihuana y un peine de pistola cargado. Aunque los peticionarios no acompañaron con el recurso de *certiorari* copia de las acusaciones y desconociendo este Tribunal si esta evidencia el Ministerio Público la utilizó para formular acusaciones adicionales, somos del criterio que es inadmisible por no ser producto de un registro incidental y contemporáneo a un arresto válido.

Por los fundamentos expuestos se deniega la expedición del auto de *certiorari*.

Lo pronunció el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIO 95 DTA 146

1. Enmienda Cuarta de la Constitución de los Estados Unidos: *"No se violará el derecho del pueblo a la seguridad de sus personas, hogares, documentos y pertenencias, contra registros y allanamientos irrazonables y no se expedirá ningún mandamiento, sino en virtud de causa probable, apoyada por juramento y promesa, y que describa en detalles el lugar que ha de ser allanado y las personas o cosas que han de ser detenidas o incautadas".*